## BETTER HOMES EQUIPMENT COMPANY, Plainiff-Appellee, v. NIXON, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5226.   Decided September 16, 1955.

Ingalls & Jones, Gene Jones, of Counsel, Columbus, for plaintiff-appellee.

John R. Schickler, Columbus, for defendant-appellant.

330

## OPINION

By WISEMAN, J.

This is a law appeal from the judgment of the Municipal Court of Columbus entered in favor of the plaintiff.

Plaintiff sued for money loaned. The defendant filed a general denial and set up a special defense and counterclaim in which he claimed he was employed by the plaintiff company at a salary of $110.00 per week for a period of eight weeks; that the payments made by the plaintiff company in the amount of $655.00 were made on account of salary and that there was due him from the plaintiff company the sum of $225.00. Plaintiff in reply denied that it entered into a contract of employment with the defendant, and that there was a balance due.

Defendant assigns as error the introduction into evidence of an unsigned memorandum written by Mr. Brenner, president of plaintiff company. The memorandum supports the claim of the plaintiff that there was no contract of employment but that the defendant agreed to acquire an interest in the business. The defendant contends that the memorandum was a self-serving declaration and inadmissible. The testimony of Mr. Brenner was to the effect that he wrote the memorandum during a conference with the defendant and that they both agreed to the contents of the memorandum. In our opinion the memorandum was admissible.

The defendant claims error in the admission into evidence of check stubs from the check book of the plaintiff company, which had on them a notation that the checks were issued to the defendant as a "loan." The checks had no such notation. The defendant claims that the check stubs were inadmissible as self-serving declarations. The court admitted this evidence under §2317.40 R. C. This evidence was inadmissible at common law. Does §2317.40 R. C., permit the introduction of such evidence? It has been held that this Section does not have the legal effect of rendering competent otherwise incompetent evidence. In **Zigler Milling Company v. Denman, 79 Oh Ap 250, 253, 72 N. E. (2d) 682**, the syllabus is as follows:

"The provisions of §12102-23 **GC**, that certain records shall be competent evidence, are not intended to make competent in evidence records that may be classified as self-serving declarations.

"In the trial of an action on an account, it is not error for the court to deny the admission in evidence of a check stub offered by the defendant as corroborative evidence of the issuance and delivery of a check to plaintiff in payment of the account."

On page 253 the court in discussing the legal effect of §12102-23 **GC**, now §2317.40 **R. C.**, stated:

"It is the further judgment of this court that the Legislature in the enactment of §12102-23 **GC**, did not intend thereby to make relevant or competent that which was not responsive to the issue made, or to make competent in evidence that which theretofore had been repeatedly held to be incompetent for various unassailable reasons; but did intend to expedite proof of records which were competent and relevant records of business transactions, 'made in the regular course of business, at or near the time of the act, condition or event.'"

In **Dickson v. Gastl,** 64 Oh Ap 346, 28 N. E. (2d) 688, it was held that an official record containing a self-serving declaration was not admissible at either common law or under the Code section cited. In **Aftel v. Cound,** 32 Oh Ap 270, where the factual situation and the issues raised by the pleadings bear a striking similarity to the facts and issues in the instant case, the third paragraph of the syllabus is as follows:

"In suit for recovery of money claimed to have been loaned to defendant, admission in evidence of ledger sheet similar to and in lieu of entries made on check stubs held erroneous, as being entirely incompetent."

On page 273 the court said:

"The court received in evidence, over the objections and exceptions of the defendant, a ledger sheet known as Exhibit 27. This ledger sheet was similar to and in lieu of entries made on check stubs, and we think it was entirely incompetent and was erroneously admitted in evidence. In the case of Mathias Planing Mill Co. v. Hazen & Co., 20 C. C., 287, 11 C. D., 54, it was held that stubs on a party's notebook are not competent to prove the purpose and effect of the notes given. The same principle would apply to check stubs, or ledger records thereof. **Watts v. Shewell, 31 Oh St 331;** Laning's Estate, 241 Pa., 98, 88 A., 289, Ann. Cas., 1915B, 796; 22 Corpus Juris, 871."

In an annotation on the subject in Vol. 68 A. L. R. 692, the rule is stated thus:

"The general rule seems to be that check stubs are not admissible as evidence."

A more recent annotation is found in Vol. 17 A. L. R. (2d) 268. See also Carter v. Fischer (1900) 127 Ala. 52, 28 So. 376 and Mac Kenzie v. Barrett, (1909) 148 Ill. App. 414. Under the evidence in this case it cannot be said that the entires on the check stubs were made in the regular course of business, or that they fall within the "shop-book" rule.

Defendant assigns as error the overruling of the motion for new trial. The claimed error here consists only of the admissibilty of evidence in the two instances which have been discussed.

While the introduction of the check stubs was erroneous, we are not convinced that it constituted prejudicial error which would require a reversal. At best such evidence was largely cumulative. The burden of Brenner's testimony was that the defendant acquired an interest in the business and was to share the profits and that the checks issued were in the nature of a loan. It does not appear upon what theory the trial judge decided the case. Plaintiff claims $655.00, but judgment was rendered for only $215.00. After a careful consideration of the whole record we cannot say that the admission of the check stubs was prejudicial.

Finding no error in the record prejudicial to the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK, J, concur.