GROSS, J.
 

 The single, narrow issue in this case is whether the trial court properly excluded a check stub from evidence as hearsay. We affirm, holding that the check stub was hearsay and that the party offering the check failed to qualify the stub under any exception to the rule against hearsay.
 

 Roderick Walker was charged with possession of cocaine with intent to sell or deliver within 1,000 feet of a school, among other charges. To prove Walker’s intent to sell, the state introduced $3,000 in cash found on him at the time of his arrest, along with powder cocaine and freshly cooked crack cocaine.
 
 [1]
 
 Walker sought to introduce his fiancée’s check stub to support his contention that the cash had an innocent source; the fiancée testified that she had cashed a $10,881.79 paycheck from her employer and gave $3,000 to Walker. The check stub indicated that (1) the net amount of the check was $10,881.79, (2) the funds came from the termination of a 401 (k) retirement fund, (3) the distribution reason was “Termination of employment,” and (4) the check came from Hartford Retirement Services. The state raised a hearsay objection and the trial judge sustained it.
 

 The trial court correctly ruled that the check stub was inadmissible hearsay. As a “written assertion,” the stub was a “statement, other than one made by the declarant [the fiancée] while testifying at trial ... offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(a)l. & (c), Fla. Stat. (2009). Walker was seeking to use the information contained on the check stub for its truth,
 
 *841
 
 to corroborate the fianeée’s story about the source of the funds.
 

 A check stub is different than the check itself, a negotiable instrument. A check stub is “the inner end of each leaf, for keeping a record of the content of the part filled out and torn away.”
 
 The Random House Dictionary of the English Language
 
 1410 (1967). The stub is not a part of the check, but a note reflecting that a check was issued; it is not the negotiable instrument. Generally, cases have treated check stubs as inadmissible hearsay unless they are qualified under an exception to the hearsay rule.
 
 See
 
 § 90.803(6), Fla. Stat. (2009).
 

 For example, in
 
 Franklin Investment Co. v. Smith,
 
 383 A.2d 355, 356 (D.C.1978), a party attempted to introduce a “checkbook stub” to show he had made a disputed payment. According to the court, “[tjhere [was] an additional notation of ‘Replaced 3-16-71 with cash Deposit,’ ” “[t]he stub was removed from what was apparently a spiral-bound book containing stubs for previously-written checks, and there was no entry on the stub indicating ‘balance forward.’ ”
 
 Id.
 
 The party who introduced the stub testified that it came from the ledger of a firm in which he was a partner and that another partner delivered the actual check.
 
 Id.
 
 The trial court admitted the stub as demonstrative evidence.
 
 Id.
 

 On review, the appellate court held that the check stub was inadmissible hearsay, writing that, “[a]s demonstrative evidence, the checkbook stub demonstrates neither that a check was written nor that it was delivered; it merely demonstrates that the stub was completed.”
 
 Id.
 
 at 356-57. To go further — “to demonstrate that the check was written” — “the stub would first have to qualify as a business record of the transaction or come within some other exception to the rule against hearsay.”
 
 Id.
 
 at 357 (citations omitted). The testimony from the proponent of the stub failed to do so, primarily because he did not testify that the. stub was kept within the regular course of business.
 
 Id.
 

 Smith
 
 applied the general rule that check stubs are inadmissible hearsay unless they are qualified under an exception to the hearsay rule.
 
 See McWhorter v. Tyson,
 
 203 Ala. 509, 83 So. 330, 331 (1919);
 
 Discover Bank v. Smith,
 
 326 S.W.3d 120, 125-26 (Mo.Ct.App.2010);
 
 Leask v. Hoagland,
 
 205 N.Y. 171, 98 N.E. 395 (1912);
 
 Better Homes Equip. Co. v. Nixon,
 
 134 N.E.2d 850, 851 (Ohio Ct.App. 10th Dist. 1955);
 
 Elmore v. Middlesex Mut. Fire Ins. Co.,
 
 219 S.C. 520, 65 S.E.2d 871, 872-73 (1951);
 
 see also Admissibility of Check Stubs as Evidence,
 
 68 A.L.R. 692 (“The general rule seems to be that check stubs are not admissible as evidence.” (citations omitted)); 29A Am.Jur.2d
 
 Evidence
 
 § 1240 (“At common law, cheek stubs containing notations as to the purpose of the check, or other circumstances, have been deemed excludable as hearsay where they did not come within an exception to the hearsay rule .... ” (footnote omitted)).
 

 Affirmed.
 

 POLEN and CONNER, JJ., concur.
 

 [1]
 

 . Cash found on a defendant at the time of his arrest is relevant to prove a defendant’s state of mind when charged with possession of drugs with intent to sell.
 
 See Williams v. State,
 
 538 So.2d 73 (Fla. 4th DCA 1989);
 
 cf. Ferguson v. State,
 
 697 So.2d 979 (Fla. 4th DCA 1997) (holding that cash seized from a defendant's person is not relevant evidence in a case charging simple possession of drugs).