# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-714
Lower Tribunal No. 14-3923 SP
_____

**United Automobile Insurance Company**,
Appellant,

vs.

**Chiropractic Clinics of South Florida, PL., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Melendez, Judge.

Michael J. Neimand, for appellant.

George A. David, P.A., and George A. David, for appellee.

Before EMAS, SCALES and HENDON, JJ.

HENDON, J.

United Automobile Insurance Company ("United Auto") appeals from an agreed final judgment of medical benefits in favor of Chiropractic Clinics of South Florida, PL, a/a/o Manuel Ortiz ("CCSF"), for medical bills and interest, totaling $792.75. United Auto reserved the right to appeal the trial court's order denying United Auto's motion for summary judgment. We reverse and remand consistent with this opinion.

On April 11, 2010, Manuel Ortiz ("Ortiz") sustained injuries that resulted from a car accident. Ortiz made a claim for PIP benefits under his insurance contract with United Auto. United Auto made several benefit payments to various providers and Ortiz. The only payment issues on appeal involve the following items: 1) a payment to Custer Medical for $559.59, which check was not cashed; 2) a payment of $105.71 for transportation expenses, which check was not cashed; 3) a payment of $73.72 for benefits and $14.20 for interest, which check was not cashed; 4) payment of $55.29 for benefits and $9.27 for interest, which check was not cashed; and 5) the reissued payment of $559.59 in benefits and $98.98 for interest to Custer Medical for the previous uncashed check. CCSF filed a complaint against United Auto, claiming breach of contract for failure to pay full PIP benefits.

United Auto moved for summary judgment, relying on the affidavit of Jhonny Navarro ("Navarro"), a litigation adjuster for United Auto, to claim that PIP benefits had been paid and the benefits were exhausted. At the summary judgment hearing, the trial court did not allow United Auto to admit Navarro's affidavit under the business records exception to the hearsay rule, section 90.803(6)(a) Florida Statutes (2014). In denying United Auto's request to admit Navarro's affidavit, the trial court determined that because United Auto's records were generated before Navarro's involvement in the case, Navarro's affidavit failed to establish that he has knowledge of United Auto's record-keeping system prior to his involvement in the case. The trial court also found that Navarro's affidavit did not establish payment to Ortiz for his PIP transportation reimbursement because payment was only established by a check ledger which the court deemed to be inadmissible hearsay and not proof of payment. The court further determined that Ortiz's PIP benefits were not exhausted because United Auto improperly created a "reserve fund" of $559.59. The trial court lastly concluded that United Auto's payment of $34.77 to Custer Medical did not count towards the benefits exhaustion because it should not have been treated as benefits. The trial court entered an agreed final judgment in favor of CCSF for $559.59 in medical bills and $233.75 in interest,

3

totaling $792.75. United Auto specifically reserved the right to appeal the trial court's exclusion of Navarro's affidavit. This appeal followed.

We find that Navarro's affidavit should have been admitted pursuant to section 90.803(6). This Court has consistently held that "it is not necessary to call the person who actually prepared the document" in order to lay the foundation for the business records exception to the hearsay rule. United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So. 3d 127, 130 (Fla. 3d DCA 2010) (quoting Mann v. State, 787 So. 2d 130, 135 (Fla. 3d DCA 2001)). It is well settled that "[t]he records custodian or any person 'who has the requisite knowledge to testify as to how the record was made can lay the necessary foundation.'" Mann, 787 So. 2d at 135. "To secure admissibility under this exception, the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record." Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008). "No additional foundation is required by the statute or by any case from this Court, and we reject the notion that the witness must also detail the basis for his or her familiarity with the relevant business practices of the company or give additional

4

details about those practices as part of the initial foundation." <u>Jackson v. Household Fin. Corp. III</u>, 298 So. 3d 531, 536 (Fla. 2020). Because Navarro's affidavit laid the proper foundation, we hold that the trial court erroneously withheld Navarro's affidavit from being admitted into evidence pursuant to section 90.803(6)(a).

The trial court also erroneously determined that benefits were not properly exhausted because United Auto allegedly created a $559.59 "reserve fund." Navarro's deposition does not support this finding. On the contrary, Navarro's testimony indicates that United Auto had previously found treatment for services in the amount of $559.00 were payable, and that check was never cashed. United Auto simply reissued the check as benefits already allocated. Thus, the reissuance of the check did not constitute a "reserve fund," and therefore, the benefits were properly exhausted.

Lastly, the trial court erroneously determined that the check stubs were inadmissible hearsay as the business records exception in section 90.803(6) was not applicable. In order for a check stub to be admitted under the business records exception, "the stub would first have to qualify as a business record of the transaction or come within some other exception to the rule against hearsay." <u>Walker v. State</u>, 83 So. 3d 840, 841

5

(Fla. 4th DCA 2011) (quoting <u>Franklin Inv. Co. v. Smith</u>, 383 A.2d 355, 357 (D.C. 1978)). Here, Navarro averred in his affidavit that "the documents and/or records generated by the defendant . . .were. . . kept in the ordinary course of Defendant's business and were made as a regular practice in the course of the regularly conducted business of the Defendant." Because Navarro testified that the check stubs are kept within United Auto's regular course of business, the check stubs qualify under the business records exception to the hearsay rule and were admissible. <u>See</u> <u>Walker</u>, 83 So. 3d at 840 (affirming the exclusion of a check stub from evidence as hearsay because "the party offering the check failed to qualify the stub under any exception to the rule against hearsay"). Accordingly, we reverse the order under review and remand with instructions to enter summary judgment in favor of United Auto.

Reversed and remanded.