266

**ESTES, Plaintiff, v. GOODYEAR TIRE & RUBBER COMPANY,
a Corporation, Defendant.**

Common Pleas Court, Summit County.

No. 170960.   Decided June 29, 1951.

Maurice H. Shapiro, Cleveland, for plaintiff.
Walter E. deBruin, Akron, for defendant.

## OPINION

By WATTERS, J.

This is an appeal from the decision of the Industrial Commission disallowing the claim of Mrs. Mae Estes, widow of Nolvice Estes, against the defendant here, The Goodyear Tire & Rubber Company, a self insurer.

The widow and plaintiff here claims that on or about December 4th or 5th, 1944, the deceased employee was helping to clean out a tube machine and was pushing a bar when he twisted his back, which proximately caused to develop an aggravation of the preexisting quiescent, non-disabling multiple myeloma (cancer of bone marrow) which directly and proximately caused his death on January 31, 1946.

All the necessary steps were taken to bring the matter on appeal to this court. The matter was tried upon the record to this court without a jury.

**The only evidence in the record as to decedent's injury** is contained in Mutual Exhibit X and X-1 admitted in evidence by mutual consent. (See page 16 of the record.)

These exhibits were the Goodyear Company's Dispensary or Hospital Record **and contain the only evidence of any kind on what it is claimed happened on December 4th or 5th, 1944, as to claimed injury.**

**Under History of Accident** (appears): "Claims while helping clean out No. 5 Tube Machine, was pushing on bar and twisted his back."

There is no question that ordinarily such a statement given by the deceased to the defendant's dispensary attendant as to how the accident occurred is wholly inadmissible even though a part of the hospital record of the company.

See a full discussion of this matter in **143 Oh St 421, Schmitt v. Casting Company (1944)** at page 424 and 425, where the court had exactly the same kind of statement by the employe in a dispensary record.

The plaintiff there claimed that the statement was admissible under §12102-23 GC.

The court held that said statute did not make such a statement admissible.

The court on page 425 cites a Michigan Supreme Court ruling on its similar statute in Kelly v. Ford Motor Company, 280 Mich. 378; 273 N. W., 737, which ruled the same way. The Michigan court said in part: "The statute should not be construed in a manner that would make the reports and records admissible when the oral testimony of the same facts would be inadmissible. (as mere hearsay)

(That in paranthesis above added by the court.)

In other words if the dispensary attendant was called and sought to give the statement of the employe to her, her testimony would be inadmissible as hearsay. So had counsel for the defendant objected to this part of the hospital record, it would have been error to admit the statement of the deceased therein. But counsel agreed that the **whole** record should be admitted, including the part in question, and it was admitted. Later on counsel at a later session of the hearing first raised an objection to the part of the record in question.

In this court's opinion defense counsel could not raise an objection after having agreed to admit the record fully. So the statement is before the court, and is the only evidence of the claimed injury. But does it show an accidental injury under the Ohio Workmen's Compensation Act and Ohio decisions of our Supreme Court?.

"Claims while helping clean out No. 5 Tube Machine, was pushing on bar and twisted his back." From ought that appears the deceased was doing nothing different from what he did regularly in the regular course of nature in the usual and normal activities of his employment.

The court is left with only a guess and speculation as to what really happened. There is no evidence of sudden or unusual strain as called for by the cases later cited. No accidental injury is shown.

In the court's opinion the plaintiff has failed to prove an accidental injury to deceased.

To constitute an accidental injury it must appear that the death or injury was caused or contributed to by **some act which was different in kind or in exertion from the regular, ordinary work performed** by the workman and those engaged in like occupation. It must be a sudden unusual occurrence.

The above is cited from page (13) of **Nelson v. The Industrial Commission, 150 Oh St, 1.** This case discusses many cases of the Supreme Court on accidental injury.

See also the later case of **Gerich v. Republic Steel, 153 Oh St, 465:**

"1. Under the Ohio Workmen's Compensation Act, to entitle a workman to compensation for injury, he must suffer a **traumatic injury in the course of and arising out of his employment other than an injury which may occur in the regular course of nature from the usual and normal activities of his employment.**

2. It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any

issue in the case, he fails to sustain the burden as to such issue.

3. Evidence which shows simply that an injury either may have been the result of an accident in the course of and arising out of employment or may have been suffered in the course of employment in the regular course of nature in the usual and normal activities of the employment is not evidence to support a workmen's compensation claim." (Emphasis by the court.)

A simple and generally accepted definition of traumatic injury is: "Bodily injury produced by violence."

See 144 Oh St, 22, Maynard v. The B. F. Goodrich Company, where the workman received a sudden strain, and the evidence showed that he and other like workmen had never handled a fabric roll as large and heavy as the one which caused the injury.

See also 148 Oh St, 693, Sebek v. Cleveland Bronze Company.

It will be noted that the Workmen's Compensation Act of Ohio nowhere mentions the words accident or accidental injury. It may be that the legislature originally intended that all persons injured in any way while at work, including certain occupational diseases, should recover, except where the workman intentionally injures himself. However the Supreme Court of Ohio has committed our courts to the accidental injury interpretation as outlined in the above cases.

Interesting questions arise as regards the testimony of Dr. Friedman, who never had treated or seen the deceased. He was called as an expert to show that the claimed injury aggravated the claimed preexisting condition of multiple myeloma.

The hypothetical question or questions to Dr. Friedman allowed him to examine the various hospital records and to assume the facts and opinions he found therein, excepting that he was asked to eliminate the history part of the records. It is doubtful whether the doctor understood or paid any attention to this instruction to eliminate the history. There is nothing to show what the doctor did consider. Such method of presenting a hypothetical question is improper.

It is a well known rule that hypothetical questions to an expert must include the facts that the expert is allowed to assume. The expert has no right to base his opinion on the expert opinion of another expert, and that should be doubly true where the so called expert opinion is in a hospital record, and the other side has had no opportunity to cross-examine the doctor who for all that is known may have just guessed at the opinion he wrote in the hospital record, or may have based it on history given him by the patient or his family, or on other improper hearsay evidence.

This matter certainly should be cleared up by the courts of Ohio.

See 98 A. L. R. 1106, etc. and cases cited in the note following the main case.

In addition to what I have said as to no showing as to accidental injury, I question whether there is any probative evidence from Dr. Friedman as to causal relationship for the reasons above stated. When the hypothetical question which should contain the claimed proven facts gets into the realm of what some other expert's opinion is, you are on dangerous ground, especially where the first expert is not called to testify, but writes his opinion in a hospital record, and you don't know on what it is based.

The court will therefore sustain the objection of the defendant to the hypothetical question to Dr. Friedman on causal relationship. On this point—hospital records, see **147 Oh St, 416, at page 427,** where the court distinguishes between notations in the record that are **observable facts** and those that are mere opinion and speculation. The latter are not admissible evidence.

Judgment will be given in favor of the defendant. Exceptions.