ANDREWS, Appellee and Cross–Appellant,

v.

SAJAR PLASTICS, INC.; Mayfield, Admr., et al., Appellants and Cross–Appellees.

[Cite as *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61.]

Court of Appeals of Ohio,
Geauga County.

Nos. 93–G–1770, 93–G–1785.

Decided Oct. 21, 1994.

*William P. McGuire* and *Donald R. Ford, Jr.*, for appellee and cross-appellant.

*Lee I. Fisher,* Attorney General, *James P. Mancino* and *Franzetta Turner,* Assistant Attorneys General, for appellants and cross-appellees.

HOFSTETTER, Judge.

This is a consolidated appeal from the Geauga County Common Pleas Court.

Our opinion is based on our full review of the record, the briefs of the parties, their oral arguments to the court, and the supplemental authority and response of the parties after oral argument.

Appellants James Mayfield, Administrator of the Bureau of Workers' Compensation, the Bureau of Workers' Compensation, and the Industrial Commission of Ohio appeal from the trial court's order that entered judgment on the jury verdict in favor of claimant-appellee, Barbara E. Andrews.

Appellee alleged that on December 16, 1986, she was diagnosed as having chemical exposure resulting in bilateral vocal cord paralysis in the course of and arising out of her employment with Sajar Plastics, Inc. ("Sajar"). This claim was disallowed through the administrative process. Therefore, pursuant to R.C. 4123.519, appellee filed her appeal to the Geauga County Court of Common Pleas on September 27, 1989 in case No. 89W000700.

On September 1, 1990, appellee voluntarily dismissed her case pursuant to Civ.R. 41(A)(1). An order of the court also dismissing the case was filed on September 21, 1990. On September 18, 1991, appellee refiled the complaint as case No. 91W000756 pursuant to the savings statute, R.C. 2305.19.[1] On January 30, 1992, appellants filed a motion to dismiss for want of jurisdiction based on appellee's alleged noncompliance with the one-year requirement for commencement of a new action. This motion was overruled on March 30, 1992. The case was then tried to a jury, which decided that appellee had a right to participate in the Workers' Compensation Fund. This decision was journalized on March 9, 1993, and appellants timely appealed on April 2, 1993.

On May 6, 1993, the trial court issued a judgment entry allowing attorney fees to be awarded to appellee, but denying appellee's motion to tax other costs to appellants. Appellants timely filed a notice of appeal from that judgment on May 25, 1993, and appellee timely cross-appealed on June 4, 1993. These appeals were consolidated by this court on July 12, 1993.

ASSIGNMENTS OF ERROR OF APPELLANTS/CROSS–APPELLEES

"1. The trial court erred, as a matter of law, in overruling the timely motion to dismiss for want of jurisdiction made prior to trial and renewal thereof due to

---

1. R.C. 2305.19 reads as follows:

"In an action commenced, or attempted to be commenced, * * * or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." (Emphasis added.)

appellee's failure to re-file within one year after her Civ.R. 41(A)(1)(a) dismissal in the prior action.

"2. The trial court erred as a matter of law in allowing appellee's expert testimony to go to the jury after the discovery during trial upon cross-examination that a supplemental expert's report was submitted to counsel for appellee and not provided, prior to trial or cross-examination, to counsel for defendant.

"3. The trial court erred and committed reversible error in striking from the record and not permitting the jury to consider the expert opinion of Dr. Lawrence Martin on behalf of these appellants.

"4. The trial court committed error in granting and allowing attorney's fee award without a notice and hearing on the amount and reasonableness in that it summarily, without hearing or notice, granted attorney's fees to appellee."

ASSIGNMENT OF ERROR OF APPELLEE/CROSS–APPELLANT

"Where a physician used as an expert witness by the claimant/appellee charges a fee for reviewing of records;  attending a deposition that did not go forward due to defendants' failure to appear;  attended and gave testimony and was subject to cross-examination at a deposition wherein defendant[s] objected to the qualifications of the stenographer;  and attended and gave testimony at trial and was subject to cross-examination at trial;  all such costs are within the scope of 'cost of any legal proceedings' pursuant to R.C. Section 4123.519 as made in preparation of a case for trial and for testimony at trial, and therefore shall be taxed as cost[s] against the Industrial Commission since the trial court found that claimant had established her right to participate in the fund."

By way of prologue, we note that appellee's brief is in contravention of App.R. 19(A) and Loc.R. 12(A), which require that the brief have double spacing between each line.  The use of single spacing in effect permits counsel to exceed the page limitation without permission.  Appellee is hereby cautioned that failure to comply with these rules in the future may result in the brief being stricken on motion or *sua sponte*.

██ Under their first assignment, appellants argue that the trial court erred in overruling their motion to dismiss and allowing the matter to proceed to trial because the case was refiled more than one year after appellee's Civ.R. 41(A) voluntary dismissal of the prior action.  In support of their arguments, appellants maintain that appellee's voluntary dismissal was effected pursuant to Civ.R. 41(A)(1)(a).  Civ.R. 41(A)(1) states as follows:

"Subject to the provisions of Rule 23(E) and 66, an action may be dismissed by the plaintiff *without order of the court* (a) by filing a notice of dismissal at any time before the commencement of trial * * * or (b) by filing a stipulation of

dismissal signed by all parties who have appeared in the action * * *." (Emphasis added.)

Hence, under (A)(1), a plaintiff seeking the voluntary dismissal files either a notice of dismissal, or a stipulation of dismissal, which is signed by all parties. A Civ.R. 41(A)(1)(a) dismissal is self-executing and gives a plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court, and without giving notice to opposing counsel. *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 240–241, 475 N.E.2d 183, 184–185.

■ Concordantly, appellants assert that since appellee's "notice of dismissal" in the first action was filed September 14, 1990, and because that dismissal did not require approval of the court, it became effective as of the date of filing, September 14, 1990, so that the court's September 21, 1990 entry was a perfunctory, vain act. Therefore, appellants aver that the refiling on September 18, 1991, pursuant to the savings statute, R.C. 2305.19, is untimely as beyond the one-year requirement.

Appellants' argument is based on the assumption that appellee's voluntary dismissal was effected pursuant to Civ.R. 41(A)(1) instead of subsection (A)(2). Civ.R. 41(A)(2) provides that:

"Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance *except upon order of the court and upon such terms and conditions as the court deems proper. * * *"* (Emphasis added.)

Accordingly, Civ.R. 41(A)(2) contemplates dismissal by order of the court, such order being obtained by virtue of a motion for dismissal. Further, by the plain language of the rule, this order will be upon such terms as the court deems proper.

The voluntary dismissal filed by appellee on September 14, 1990 is captioned "MOTION TO DISMISS WITHOUT PREJUDICE" and reads as follows:

"Now comes the Plaintiff, by and through her counsel, pursuant to Ohio Rule of Civil Procedure 41(A), *moves the Court for a dismissal of this action* without prejudice, with retention of the right to refile this appeal." (Emphasis added.)

In our opinion, the words "moves the Court" indicate that appellee was requesting the court's permission to dismiss the action without prejudice pursuant to Civ.R. 41(A)(2). This is distinctly different from merely giving the court notice of dismissal pursuant to subsection (A)(1)(a). Therefore, here, the dismissal did not become effective until the court's September 21, 1990 order allowing the dismissal without prejudice so that appellee's refiling on September 18, 1991

was within the one-year time frame required by the savings statute. Appellants' first assignment is without merit.

Under their second assignment, appellants submit that the trial court erred in failing to strike the testimony of appellee's expert, Dr. Kerry, where Dr. Kerry testified on cross-examination that he prepared and submitted a supplemental report for appellee's counsel that allegedly was never given to appellants' counsel as required under Civ.R. 26(E).[2] We disagree.

Appellants refer to the fact that appellee did not list Dr. Kerry's name in response to an interrogatory question which requested names of those persons expected to be called as expert witnesses at trial. However, we note that this interrogatory was submitted in the first action, which was voluntarily dismissed by appellee. No such interrogatory or discovery as to this item was effected in the second action at issue here. Also, our review of the record reveals that appellee attached this supplemental report to its memorandum in opposition to appellants' motion for summary judgment, and that appellants did not move to strike or object to it in any manner. Thus, appellants' had notice of the report prior to the trial.

■ Further, our review of the testimony shows that Dr. Kerry was not questioned by appellee's counsel on direct examination as to this supplemental report. Counsel for appellants first "opened the door" regarding this report during cross-examination. The law in Ohio is well settled that "[a] party will not be permitted to take advantage of an error which he himself invited or induced. * * *" *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph one of the syllabus. Therefore, the fact that appellants initially induced discussion of this report precludes them from arguing against its admission at trial.

Last, we note from Dr. Kerry's testimony that the supplemental report contains the same conclusion as was contained in the first report, which appellants admit having received. Therefore, even if the court erred, such error would be harmless because the supplemental report did not contain any new information. Appellants' second assignment is without merit.

---

**2.** Civ.R. 26(E) reads as follows:

"(E) Supplementation of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify."

■ Turning now to appellants' third assignment of error, they argue that the trial court erred in striking the testimony of Dr. Martin, appellants' expert witness. After the video deposition of Dr. Martin was played to the jury, the court struck the testimony upon objection by appellee because Dr. Martin's medical opinion was based upon the opinion of other physicians.

The controlling case in Ohio on this subject is *Estes v. Goodyear Tire & Rubber Co.* (C.P.1951), 60 Ohio Law Abs. 266, 99 N.E.2d 619, headnote five:

"A hypothetical question propounded to an expert witness must include all the facts which the expert may assume in giving his opinion. The expert has *no right to base his opinion on the conclusions of another expert* and this is especially true where the so-called expert opinion is a conclusion contained in a hospital record there having been no opportunity to cross-examine the author thereof." (Emphasis added.)

It is clear from Dr. Martin's testimony that although he conducted his own physical examination of appellee, he relied very heavily on the opinions of other doctors and their conclusions in arriving at his own medical opinion. Also, he testified that some of the opinions on which he relied were contained in hospital records, and appellee had no opportunity to cross-examine the doctors who made those records. Accordingly, appellants' third assignment of error is not well taken.

In their fourth assignment, appellants complain that the trial court committed error in its failure to hold a hearing on the attorney fees granted to appellee in its May 6, 1993 order pursuant to R.C. 4123.519(E).

■ Appellants support their argument with the case of *Perry v. LTV Steel Co.* (1992), 84 Ohio App.3d 670, 618 N.E.2d 179. The *Perry* court noted that the most recent Supreme Court of Ohio case, *Ginnis v. Atlas Painting & Sheeting Co.* (1992), 63 Ohio St.3d 754, 591 N.E.2d 694, did not delineate the "mechanism which is to be used to make an award of attorney fees * * *." *Perry*, 84 Ohio App.3d at 679, 618 N.E.2d at 185. However, the court in *Perry* stated that the trial court should have held a hearing before awarding attorney fees to the claimant because no evidence was presented as to the attorney's charge to the client, nor as to the nature and extent of his services, to wit, there was nothing in the record to reflect the basis of the court's award so as to determine its reasonableness. *Id.* at 680, 618 N.E.2d at 185–186.

In the instant case, appellee submitted a time sheet showing the breakdown of hourly expenses incurred by both Mr. McGuire and Mr. Ford. Therefore, the record adequately reflects the basis of the court's award. Further, at no time have appellants alleged that the $2,500 fee awarded was in excess of the time spent by appellee's counsel. In fact, according to the time sheet, counsel for

appellee spent nearly one hundred forty hours on the case. Unless they charged no more than $16.50 per hour, $2,500 was not sufficient to cover the cost for all their time, much less excessive.

Accordingly, we conclude that the award of attorney fees in the amount of $2,500 was supported by sufficient evidence and did not constitute an abuse of discretion. Appellants' fourth assignment of error is overruled.

■ We turn our attention now to the assignment of error posed by appellee in her cross-appeal. Appellee submits that the trial court erred in failing to tax appellants for the cost of Dr. Kerry's expert witness fee resulting from his attendance and testimony at trial. Additionally, appellee contends that she incurred substantial costs in retaining Dr. Kerry in expenses for his deposition,[3] in travel expenses, in initial consultation fees, and for photocopies, postage, and express delivery, all for the purpose of securing his favorable trial testimony. Appellee contends that these expenses are within the scope of "cost of any legal proceedings" pursuant to R.C. 4123.519(E).[4]

Our review of appellee's amended motion for taxation of costs indicates that she asked for the following:

"Airborne Express ($12.65)"

"Photocopies ($16.60)"

"Postage ($.58)"

"Fee for Dr. Kerry for trial attendance ($2,425)"

---

3. Apparently, appellee attempted to take the deposition of Dr. Kerry somewhere in Pennsylvania three days before trial in the presence of appellants. However, appellants objected to the qualifications of the court reporter and videographer because they were not licensed in Pennsylvania. Nevertheless, the deposition apparently took place, but was never transcribed, filed, or introduced as evidence in the trial court. Appellee never sought a ruling on appellants' objections as to the alleged licensing problems of the videographer and court reporter. Instead, she merely brought Dr. Kerry to testify at trial during her case-in-chief.

4. R.C. 4123.519(E) stated that:

"The *cost of any legal proceedings authorized by this section* * * * shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *"

Section (C) of that statute stated in part that:

"* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician * * *, which deposition may be read in the trial of the action * * *. The cost of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. In the event the deposition is taken and filed, the physician whose deposition is taken shall not be required to respond to any subpoena issued in the trial of the action. * * *"

"Travel Expense ($42)"

"Fee paid by Plaintiff for Dr. Martin's initial consultation at request of Industrial Commission ($350)"

The foregoing expenses totaled $2,846.83. In her brief, appellee contends that these expenses total $4,344.33. However, appellee is limited on appeal to the amount she requested at trial because we cannot pass upon an error which was not raised by her or objected to at trial. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630–631. Thus, we will consider only the foregoing expenses as outlined in her amended motion.

In support of her contention, appellee cites *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, which stands for the proposition that "[p]ursuant to R.C. 4123.519, a common pleas court may tax to the employer the costs of an expert's witness fee [in the preparation] and giving [of a] deposition as a 'cost of any legal proceedings authorized by this section.'" *Id.* at syllabus. Appellee stresses the significance of the court's analysis under section (E), "cost of any legal proceedings," instead of subsection (C), which pertains specifically to the recovery of the cost of depositions. She maintains that the court's reliance on subsection (E), which is much broader than subsection (C), somehow indicates that the court would likely authorize the award of witness fees paid to an expert in the preparation and giving of actual trial testimony. We disagree with appellee as to the application of *Moore* to the case at hand.

The narrow question in *Moore* was whether the claimant could recover the fee charged by an expert for his deposition testimony in addition to the costs of the court reporter's attendance, stenographic production, and copying of the deposition transcript, each of which has previously been determined to be recoverable under R.C. 4123.519. *Akers v. Serv–A–Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, syllabus. However, in the case at bar, it is clear from appellee's motion that she did not request reimbursement for stenographic, reproduction, or witness fees related to the taking of Dr. Kerry's deposition, but rather limited her request to other fees pertaining to the preparation and presentation of his trial testimony.

At least one appellate court in this state has held that the trial court properly denied a claimant's motion to tax as costs the fee of a medical expert who testified on her behalf at trial. *Champa v. Top Services, Inc.* (Mar. 30, 1989), Cuyahoga App. No. 55229, unreported, at 4, 1989 WL 30544. The *Champa* court reasoned that since R.C. 4123.519(E) does not authorize recovery of additional fees which were not specifically enumerated in the statute, and since recovery of fees for live testimony was not enumerated in the statute, it should decline to extend R.C. 4123.519 to cover them. *Id.*

■ Concordantly, since appellee is requesting recovery of fees related to the preparation and giving of expert trial testimony, an expense which has not been specifically authorized by the statute, we agree with the *Champa* court and conclude that she cannot recover those fees. However, as to her request for reimbursement of the $350 fee paid by her for initial consultation with appellants' expert, Dr. Martin, we are persuaded otherwise.

As stated in *Moore:*

"The costs recoverable by a claimant whose right to participate or to continue to participate in the fund is established in an R.C. 4123.519 appeal are significantly greater than the costs of ordinary litigation. * * * *[T]he language of R.C. 4123.519 * * * is designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund.* * * * The legislature pursuant to R.C. 4123.519 has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal * * *." (Emphasis added.) *Id.,* 18 Ohio St.3d at 261–262, 18 OBR at 316–317, 480 N.E.2d at 1103.

Further, R.C. 4123.519 has been interpreted as having been designed to prevent a chilling effect upon an injured worker's decision to appeal, in good faith, a determination adverse to his or her right to participate in the fund. *Soss v. Mayfield* (June 7, 1991), Lucas App. No. L–90–002, unreported, at 7, 1991 WL 97318. Taking these principles to their logical extension, the court in *Soss* opined that "it is only reasonable that it is likewise intended that an injured worker, often without any earning capacity, not be required to pay his or her own costs *plus that of the employer * * *." Id.*

■ Accordingly, based on the foregoing principles, we conclude that the trial court erred in failing to tax the cost of appellee's consultation with appellants' expert, Dr. Martin, to appellants. R.C. 4123.519 should not be applied in such a manner as to cause a claimant to be responsible for the cost of a fee which was incurred for the purpose of advancing the commission's case. Appellee/cross appellant's assignment of error should be granted in part as to the $350 fee for consultation with Dr. Martin.

Based on the above, we affirm as to the appeal and affirm in part and reverse in part as to the cross-appeal.

*Judgment accordingly.*

Joseph E. Mahoney and Nader, JJ., concur.

Edwin T. Hofstetter, J., retired, of the Eleventh Appellate District, sitting by assignment.