Donna James appeals from a decision of the common pleas court granting summary judgment in favor of her insurance carrier, Allstate Insurance Company, in connection with injuries she sustained as a result of a rear-end collision when Louise Jackson, an uninsured motorist, struck her vehicle which had been parked on East Ninth Street in Cleveland, Ohio. James asserts that Allstate should be required to provide uninsured motorist coverage for this accident because, when she renewed her insurance policy, she did not expressly reject that coverage. We are precluded from reaching the merits of this issue, however, because James has not filed a timely notice of appeal. Accordingly, we are constrained to dismiss this appeal.
On March 3, 1995, James purchased an insurance policy from Allstate covering both her 1990 Ford Tempo and her 1989 Astro van, and expressly rejected uninsured motorist coverage on both of these vehicles. James renewed that policy on March 4, 1996, but subsequently modified it on April 25, 1996, making a change in driver of her `89 Chevy Astro, which resulted in a $55.60 premium reduction. On June 11, 1996, her son picked her up from work, and after she got into her 1990 Ford Tempo on East Ninth Street and closed the passenger side door, Jackson struck her vehicle.
James filed a complaint against Jackson and Allstate Insurance Company, her own carrier. In support of that claim, she also filed a motion for summary judgment. In response, Allstate cross-claimed for summary judgment, and on December 16, 1998, the court granted summary judgment in favor of Allstate. Thereafter on January 7, 1999, James filed a notice of voluntary dismissal without prejudice pursuant to Civ.R.41 (A), and dismissed Jackson from the case. The court journalized that entry on January 20, 1999, indicating the judgment as final. On February 10, 1999, James filed a notice of appeal from the January 20, 1999 judgment and now asserts one assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OVERRULING DONNA JAMES' MOTION FOR SUMMARY JUDGMENT SINCE DONNA JAMES DID NOT EXPRESSLY REJECT UNINSURED MOTORIST BENEFITS PRIOR TO THE BEGINNING OF HER POLICY YEAR AS IS REQUIRED BY THE OHIO SUPREME COURT DECISION IN GYORI v. JOHNSTON COCA-COLA BOTTLING GROUP, INC. (1996), 75 OHIO ST.3D 565.
James contends the court should have granted her motion for summary judgment, both because she did not have the opportunity to reject uninsured motorist coverage for the policy year commencing March 4, 1996, and because the April 25, 1996 policy modification regarding the use of her vehicle should have afforded her an additional opportunity to reject uninsured motorist coverage. We, however, are precluded from considering this issue on appeal.
This court consistently has held that a plaintiff's notice of voluntary dismissal made pursuant to Civ.R. 41(A)(1) is self-executing. Howard v. Fiyalko (Oct. 29, 1998), Cuyahoga App. No. 74308, unreported; Rinicella v. Rubino (July 30, 1998), Cuyahoga App. No. 73105, unreported. Thus, since it requires no court action, a voluntary dismissal is effective on the date of filing, not upon the date the trial court journalizes an entry acknowledging it. Payton v. Rehberg (1997), 119 Ohio App.3d 183;Andrews v. Sajar Plastics, Inc. (1994), 98 Ohio App.3d 61.
James filed her notice of dismissal of the remaining party to this case on January 7, 1999. Pursuant to App.R. 4(A), she had thirty days from that date in which to file her notice of appeal. See, also, Denham v. New Carlisle (1999), 86 Ohio St.3d 594;State ex rel. Vogel v. Steiner (1995), 74 Ohio St.3d 158.
Since James' appeal was not filed until February 10, 1999, it is untimely; therefore, this court lacks jurisdiction to consider her appeal. Denham v. New Carlisle, supra at 595; Ohio Constitution, Article IV, Section 3(B)(2); Howard v. Fiyalko,supra.
Appeal dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES D. SWEENEY, J., CONCUR
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE