OPINION
{¶ 1} Appellant, Michael Woloszyn, appeals the October 26, 2001 judgment entry of the Lake County Court of Common Pleas, Probate Division.
 {¶ 2} On December 19, 2000, appellee, David Pafford, filed a complaint for writ of citation to produce the will of Helen Pafford. On December 22, 2000, the trial court issued a judgment entry ordering a writ of citation that directed appellant to appear before the court and show cause as to why he should not produce a will. The trial court held appellant in contempt for his failure to appear and ordered that he could purge his contempt by appearing in the Lake County Probate Court. Appellant appeared in court, and in a judgment entry dated October 1, 2001, the trial court stated that appellant was purged of his contempt of court. The trial court further required appellant to pay costs and ordered that appellee may file a motion for attorney fees.
 {¶ 3} On October 10, 2001, appellee filed a motion for attorney fees for services rendered in order to force appellant to answer the court to produce a copy of the will. Attached to the motion was an affidavit from appellee's attorney, along with an itemized statement of the legal services rendered. On October 22, 2001, appellant filed a response to the motion for attorney fees requesting that the trial court either deny the motion or reduce the fee award. Appellant did not ask for a hearing. In a judgment entry dated October 26, 2001, the trial court granted appellee's motion for attorney fees in part and ordered that appellant pay "$528.75 (one half the amount of attorney fees) to [appellee's] attorney within 30 days of this Judgment." It is from that entry appellant timely filed the instant appeal and now asserts the following as error:
 {¶ 4} "[1.] The trial court erred and abused its discretion, to the prejudice of appellant, in awarding costs and attorney fees without conducting a hearing on the issue.
 {¶ 5} "[2.] The trial court erred and abused its discretion, to the prejudice of [appellant], in awarding costs and attorney fees that were unreasonable and arbitrary."
 {¶ 6} Under the first assignment of error, appellant argues that the trial court erred in awarding attorney fees without conducting a hearing.
 {¶ 7} In Perry v. LTV Steel Co. (1992), 84 Ohio App.3d 670,680-681, the Eighth Appellate District explained that: "`[a]n award of attorneys fees must be supported by evidence in the record. *** In view of the fact that there is nothing in the record *** which reflects the basis of the court's award, we are unable to conclude whether the amount awarded is reasonable.'
 {¶ 8} "***
 {¶ 9} "*** The trial court should consider additional factors such as the complexity of the issues involved; the skill required; the attorney's experience, ability and reputation; the amount involved and benefit resulting to the client from services; and the customary fee charged by other members of the bar. ***
 {¶ 10} "Herein, the trial court did not conduct an evidentiary hearing prior to the award of attorney fees. In addition, the record demonstrates that the trial court's award of attorney fees was based upon an unsworn itemized list of the time expended by appellee's counsel. Such an unsworn itemized list was insufficient to calculate the award of attorney fees." (Citations omitted.)
 {¶ 11} This court noted that "the trial court should have held a hearing before awarding attorney fees to the claimant because no evidencewas presented as to the attorney's charge to the client, nor as to thenature and extent of his services, to wit, there was nothing in therecord to reflect the basis of the court's award so as to determine itsreasonableness. (Emphasis added.) Andrews v. Sajar Plastics, Inc.
(1994), 98 Ohio App.3d 61, 68, citing Perry, supra, at 680.
 {¶ 12} In Andrews, supra, at 68, the appellee submitted a time sheet showing the breakdown of hourly expenses incurred by her attorneys. Hence, the record in the Andrews case adequately reflected the basis of the trial court's award, and at no time did the appellants allege that the fee awarded was in excess of the time spent by the appellee's counsel. Accordingly, the court concluded that the award of attorney fees in the amount of $2,500 was supported by sufficient evidence and did not constitute an abuse of discretion.
 {¶ 13} Here, the trial court permitted appellee to file a motion for attorney fees. Attached to the motion for attorney fees was an affidavit from appellee's attorney, along with an itemized statement of the legal services rendered. The itemized statement listed the attorney's charge to appellee, the nature and extent of the services, and the amount of time spent on each service. Additionally, appellant responded to the motion for attorney fees by filing a response requesting that the trial court either deny the motion or reduce the fee award. He did not request a hearing, and thus, it is our view that he waived a hearing. Therefore, pursuant to Andrews, we conclude that the trial court did not abuse its discretion in awarding attorney fees without conducting a hearing since the record contained ample evidence that reflects the basis of its award. Appellant's first assignment of error lacks merit.
 {¶ 14} For his second assignment of error, appellant claims that the trial court's award of costs and attorney fees was unreasonable and arbitrary.
 {¶ 15} An award of attorney fees is within the discretion of the trial court. Swanson v. Swanson (1976), 48 Ohio App.2d 85, 90. Absent an abuse of discretion, a reviewing court will not reverse the determination of the probate court. In re Wirebaugh (1992), 84 Ohio App.3d 1, 5.
 {¶ 16} Pursuant to DR 2-106(B), "[a] fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
 {¶ 17} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 18} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 19} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 20} "(4) The amount involved and the results obtained.
 {¶ 21} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 22} "(6) The nature and length of the professional relationship with the client.
 {¶ 23} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 24} "(8) Whether the fee is fixed or contingent."
 {¶ 25} In the case at bar, it is our view that the trial court did not abuse its discretion in its award of $528.75, an amount that was half of the fees incurred by appellee. In support of his claim for attorney fees, appellee submitted an itemized statement of legal services that detailed the amount of time spent on each matter. The trial court concluded that the $150.00 per hour charge was "reasonable under DR 2-106." It is also our position that since appellant waived the right to request a denial or reduction as he did not request a hearing, the trial court's award was not unreasonable or arbitrary. Appellant's second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and ROBERT A. NADER, JJ., concur.