OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Pro se appellant, Jean Pauer, appeals from a judgment of the Geauga County Court of Common Pleas dismissing her administrative appeal from an order issued by appellee, Geauga County Board of Health ("the board").[1] For the following reasons, the judgment of the common pleas court is affirmed in part and reversed in part and remanded.
 {¶ 2} On February 20, 2001, the board conducted an administrative hearing to resolve a nuisance complaint that suggested a problem with the sewage disposal system located on appellant's property. Prior to the hearing, the Geuaga County Health District ("GCHD") had made several attempts to gain entrance to appellant's property to investigate the suspected difficulty. Appellant, however, continuously refused access to her property. As a result, this matter was brought before the board during the above mentioned administrative hearing.
 {¶ 3} At the conclusion of the hearing, the board issued an order stating "[t]he owner [appellant] is required to provide access to the house for dye testing, inspection of plumbing system and install a sewage effluent sample well, if necessary within 15 days of the receipt of this order. Sewage effluent samples will be taken by this department on the 16 [sic] day after the Board findings and issuance of orders. In addition, the owner will be required to install a new sewage disposal system within 45 days of receipt of test results should the test results be found to be unacceptable."
 {¶ 4} GCHD mailed a written copy of the board's order to appellant on February 21, 2001. Thereafter, on March 5, 2001, appellant filed a timely notice of appeal with the Geauga County Court of Common Pleas.
 {¶ 5} After many significant delays, on May 31, 2002, appellant curiously filed a "Motion For Dismissal For Lack of Jurisdiction." In her motion to dismiss, appellant requested a dismissal of the appeal at the board's costs. Appellant's memorandum in support of her motion to dismiss explained that the written order she received in the mail failed to include "a statement of the time and method by which an appeal could be perfected pursuant to Ohio R.C. 119.12."
 {¶ 6} On June 10, 2002, the board filed a stipulation to appellant's motion to dismiss. The board stipulated that the common pleas court lacked jurisdiction and that the matter should be dismissed. More specifically, the board explained that "[a]lthough Plaintiff-Appellees dispute the legal grounds set forth in requesting the dismissal, and the applicability of the arguments made therein, the Geauga County Board of Health is not opposed to and hereby stipulates to the dismissal of this administrative appeal, at Defendant-Appellant Pauer's costs."
 {¶ 7} On June 13, 2002, the common pleas court issued a judgment entry that stated appellant's notice of appeal to that court had been dismissed at appellant's costs. The common pleas court explained that "the only thing pending which is subject to dismissal is Jean Pauer's notice of appeal. Accordingly, the motion [to dismiss for lack of jurisdiction] amounts to a notice/stipulation of voluntary dismissal in which the other side joins. Doing so closes the case." Furthermore, the common pleas court stated, "the basis of dismissal is irrelevant. The Court will not now engage in a legal analysis of the applicable administrative procedure in health district proceedings and orders."
 {¶ 8} Based upon the court of common plea's dismissal of the administrative appeal, appellant sets forth three assignments of error for our consideration:
 {¶ 9} "[1.] The Trial court erred to the prejudice of Appellant in not dismissing the appeal sua sponte for lack of final appealable order.
 {¶ 10} "[2.] The Trial court erred to the prejudice of Appellant in not dismissing the appeal at Appellee's cost.
 {¶ 11} "[3.] The Trial court erred to the prejudice of Appellant in not ordering the Board of Health to transmit to the Clerk the actual original file."
 {¶ 12} As an initial matter, we recognize that the common pleas court's basis for accepting the dismissal was proper. As stated previously, the court found appellant's motion to dismiss to be equivalent to a voluntary dismissal, and dismissed the matter accordingly.
 {¶ 13} Under Civ.R. 41(A)(1)(a) a plaintiff is entitled to a single dismissal as of right. In pertinent part, Civ.R. 41(A)(1)(a) states:
 {¶ 14} "* * * [A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 15} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]"
 {¶ 16} This rule clearly establishes that a voluntary dismissal is self-executing and gives the plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to the commencement of trial. Andrews v. Sajar Plastics, Inc. (1994),98 Ohio App.3d 61, 66. Accordingly, appellant's reasons for dismissal are irrelevant as she had an absolute right to dismiss her administrative appeal.
 {¶ 17} In the instant case, appellant titled her filing as a motion to dismiss, rather than a notice of voluntary dismissal. A review of the motion's contents reveals that appellant's sole request was the dismissal of her administrative appeal. Specifically, appellant's motion to dismiss stated, "[n]ow comes Appellant/Defendant Jean Pauer, appearing pro se and moves this Court to dismiss the instant case as the Geauga County Health District failed to issue a final order." Although the motion to dismiss briefly explained that the common pleas court was without jurisdiction, such reasoning is irrelevant to appellant's absolute right to dismiss the case.
 {¶ 18} That being said, appellant's motion to dismiss represented an unqualified request to dismiss her administrative appeal. Although the motion to dismiss was irregular in form and substance, because it was not contingent upon the court's resolution of any legal issue, the motion acted as a notice of voluntary dismissal. To paraphrase the motion, Pauer moved to dismiss because she thought the board failed to issue a final appealable order. She did not ask the court to confirm her theory. Therefore, the common pleas court appropriately entered judgment granting appellant a voluntary dismissal of her administrative appeal.
 {¶ 19} Notwithstanding appellant's voluntary dismissal, the common pleas court abused its discretion by ordering appellant to pay costs. Civ.R. 54(D) provides that "costs shall be allowed to the prevailing party unless the court otherwise directs." This rule confirms that "a trial court is empowered to award costs only to a prevailing party." (Emphasis added.) Hagemeyer v. Sadowski (1993), 86 Ohio App.3d 563, 566. Accordingly, "[a] trial court's allocation of costs under Civ.R. 54(D), cannot be reversed absent an abuse of discretion." Lehto v. Sankey (June 29, 2001), 11th Dist. No. 99-T-0137, 2001 Ohio App. LEXIS 2959, at 20.
 {¶ 20} It is well-established under Ohio law that a voluntary dismissal without prejudice is not an adjudication upon the merits.Hensley v. Henry (1980), 61 Ohio St.2d 277, 279. As a result, there is no prevailing party when a claim is voluntarily dismissed. Sturm v. Sturm
(1992), 63 Ohio St.3d 671, 675. See, also, Champion Mall Corp. v. BilboFreight Lines, Inc. (1992), 81 Ohio App.3d 611, 615.
 {¶ 21} In accordance with the above stated law, appellant's voluntary dismissal of her administrative appeal did not render the board a prevailing party. The common pleas court had no authority to award costs to either party after the matter was voluntarily dismissed. Thus, it was an abuse of the court's discretion to order appellant to pay costs.
 {¶ 22} In conclusion, the common pleas court properly accepted this matter as a voluntary dismissal. Because appellant's motion to dismiss was an unqualified request for dismissal and was not contingent upon the court's resolution of any legal issue, the motion, standing alone, acted as a voluntary dismissal. Nevertheless, the common pleas court erred by ordering appellant to pay costs.
 {¶ 23} We now turn our attention to appellant's specific assignments of error. A review of appellant's three assignments of error demonstrates that, as to the specific questions they pose, they are not well aken. In her first assignment of error, appellant contends that the board's failure to fully comply with R.C. 119.09 resulted in a lack of jurisdiction. Specifically, appellant contends that the board's order failed to include language notifying her of the time and manner by which to file her notice of appeal.
 {¶ 24} First, we note that R.C. 119.09 is not applicable as it only applies to a state board or agency. The appropriate section is R.C. 2505.07, which states, "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."
 {¶ 25} Under R.C. 2505.07, the board was not required to include notification of the time or manner to appeal. Rather, the board's order becomes appealable once its written minutes are approved, and actual or constructive notice of the order is given. See, e.g., Swafford v. NorwoodBd. of Edn. (1984), 14 Ohio App.3d 346.
 {¶ 26} Here, the record shows that the board's minutes, which included a verbal recitation of the order, were approved. Appellant received notice of the order through the mail. Accordingly, the thirty-day time limit to appeal began to run, and the order was final and appealable. More importantly, appellant actually filed her notice of appeal with the court of common pleas in a timely manner. Thus, the common pleas court had jurisdiction to proceed with this matter.
 {¶ 27} Although appellant presents a second and third assignment of error for our review, she has failed to present this court with any argument or evidence relating to these assignments. App.R. 16(A)(7) provides that appellant shall include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, Loc.R. 12(C)(4).
 {¶ 28} This court "may disregard an assignment of error presented for review" if the party raising it fails to comply with the above requirements. App.R. 12(A)(2). Because appellant has failed to set forth any underlying contentions to support her second and third assignments of error, we will forego any further analysis.
 {¶ 29} Based upon the foregoing analysis, the court's June 13, 2002 judgment entry is affirmed in part and reversed in part and remanded to the limited extent that it ordered appellant to pay costs. Accordingly, this matter is hereby remanded to the common pleas court for further proceedings consistent with this opinion.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.
[1] Geauga County General Health District and Robert K. Weisdack are also named appellees, however, for purposes of review we will only be referring to the Geauga County Board of Health.