DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment that reversed the Hillsboro Planning Commission's (Commission) decision to deny Roger and Charlotte Travis' application for a "driveway cut." The Commission, defendant below and appellant herein, assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
" PLAINTIFF/APPELLEE DID NOT QUESTION THE CONSTITUTIONALITY OF THE CITY OF HILLSBORO ORDINANCE NO. 96.17 THEREBY WAIVING ANY QUESTION OF THE VALIDITY OF SAID ORDINANCE WHICH FORBIDS THE CONSTRUCTING OF A DRIVEWAY CUT ONTO A STATE OR FEDERAL HIGHWAY."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION BY GIVING MORE WEIGHT TO THE TRAFFIC STUDY DONE BY PLAINTIFF/APPELLEE THAN TO THE ENACTING OF ORDINANCE 96.17."
THIRD ASSIGNMENT OF ERROR:
"DEFENDANT/APPELLANT'S DECISION TO DENY THE DRIVEWAY CUT REQUESTED BY PLAINTIFF/APPELLEE WAS NOT ARBITRARY, CAPRICIOUS OR UNREASONABLE AND SHOULD, THEREFORE, HAVE BEEN UPHELD BY THE TRIAL COURT."
 {¶ 2} Appellees moved to 309 East Main Street in Hillsboro in 2001 and shortly thereafter, began to operate a retail antique shop from their home.[1] To accommodate parking needs, appellees "took out 75 percent" of their backyard and created a parking lot. They also filed an application with the Commission for a driveway cut in order to connect their parking lot with East Main Street.[2] Eventually, the Commission denied their request.
 {¶ 3} Appellees commenced the instant action as an administrative appeal from the Commission's decision and asserted that the denial of their request for a driveway cut was arbitrary, capricious and unreasonable. At the evidentiary hearing, civil engineer John Messineo testified that his study revealed that the driveway's location presented no traffic hazard or safety concern. Messineo's report also revealed that the Commission had approved the construction of a driveway on an adjacent property one month prior to appellees' request. Finally, the report stated that appellant's denial of the driveway cut was "without legitimate or objective basis." Appellee Roger Travis also testified concerning the need for the driveway to link their parking lot to East Main Street. He stated that after their application had been denied, he and his wife had to cease business operations from their home.
 {¶ 4} On February 4, 2005, the trial court issued a judgment and reversed the Commission's decision. The court found that (1) the Commission had approved "[n]umerous other driveway cuts," including one to an adjacent neighbor less than twenty-five feet away, (2) the Safety Service Director found that, from a safety standpoint, there is no difference between that adjacent driveway and the driveway at issue, (3) the Commission did not have the benefit of any expert testimony, and (4) Messineo determined that the "driveway was entirely safe and exceeded ODOT's most rigorous requirements." For these reasons, the trial court concluded that a preponderance of the evidence did not support the Commission's decision. The court remanded the matter to the Commission for further proceedings regarding the driveway, including, inter alia, grade requirements and width requirements. This appeal followed.[3]
 I {¶ 5} Appellant asserts in its first assignment of error that appellees failed to raise the constitutionality of the zoning ordinance and, thus, waived any question as to its validity. However, in light of the fact that the trial court did not find the ordinance to be unconstitutional or invalid, we find this assignment without merit and it is accordingly overruled.
 II {¶ 6} Appellant's second and third assignments of error assert that the trial court erred in finding that the Commission's decision was not supported by the evidence.[4] Our analysis begins with a delineation of the standards of review applicable in this case. R.C. 2506.01 states that "[e]very final order, adjudication, or decision of any . . . division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." The standard of review that common pleas courts employ is set out in R.C. 2506.04:
"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 7} Appellate courts in R.C. Chapter 2506 appeals have a more limited role than trial courts. For example, appellate courts do not have the same power to weigh evidence. Rather, appellate courts are restricted to reviewing questions of law and determining whether a trial court abused its discretion in applying that law. See Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848, at fn. 4; also see Jenkinsv. Gallipolis (1998), 128 Ohio App.3d 376, 381, 715 N.E.2d 196;Prokos v. Athens Bd. of Zoning Appeals (Jul. 13, 1995), Athens App. No. 94CA1638.
 {¶ 8} In light of our limited standard of review, we find that in the case sub judice the trial court committed no error. The court did not, as appellant contends, simply substitute its judgment for the Commission or give more weight to Messineo's study than to the ordinance. The trial court considered that traffic study, as well as the other evidence, and concluded that the Commission's ruling is not supported by the evidence. This is well within the court's authority pursuant to the statute.
 {¶ 9} Messineo testified that the proposed driveway cut did not present any safety problems. Moreover, City Safety Service Director Ralph Holt testified that the City did not consult its own civil engineer regarding safety studies. The minutes of the Commission meeting also support the trial court's finding that no expert evidence was presented to the Commission when it denied the request for a driveway cut. Finally, it is uncontroverted that the Commission had recently granted an adjacent property owner's request for a driveway cut and we find nothing in the record to explain why appellees should be treated differently from their neighbor. In fact, when asked during the hearing why one property should be granted a driveway cut, but the property next door should be denied, Holt responded that too many driveway cuts exist on East Main Street and that the cuts had to be stopped somewhere. Again, we agree with the trial court's conclusion that the evidence does not support the argument that safety concerns or other concerns justified the Commission's actions. The trial court believed that this decision was arbitrary, particularly in light of expert testimony that no safety problems would be caused by the driveway cut. Thus, after our review of the record we find no error, let alone an abuse of discretion, in the trial court's decision.
 {¶ 10} For these reasons, we hereby overrule appellant's assignments of error and we hereby affirm the trial court's judgment.[5]
Judgment Affirmed.
Judgment Entry
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion For the Court
[1] Appellant neglected to include in its brief a statement of facts as required by App. R. 16(A)(5) and a statement of issues presented for review as required by App. R. 16(A)(4).
[2] The parking lot is apparently accessible by an alley in the rear during the summer months. In the winter, however, limited snow and ice removal make the alley difficult to traverse.
[3] On June 28, 2005 we directed both parties to file supplemental briefs to address a jurisdictional issue. Our concern was whether the Commission's decision, memorialized in minutes dated April 20, 2004, actually constituted a "final order" for purposes of R.C. 2505.07. If the trial court did not have jurisdiction, we would be required to vacate that judgment and to reinstate the Commission's decision. Appellees filed a supplemental brief and argued that minutes do constitute a final order under the statute once the Commission approves them. See Geauga CountyBd. of Health v. Pauer, Geauga App. No. 2000-G-2462, 2003-Ohio-6740, at ¶ 25. Appellees further argued that the minutes that they appealed were approved at the Commission's May 18, 2004 regular meeting. Because appellant did not file a supplemental brief, we accept as true the statement of fact in appellee's supplemental brief. See App. R. 18(C). Thus, the trial court had jurisdiction to hear the appeal and we have jurisdiction to review that decision.
[4] We note that appellant neglected to cite any legal authority in support of its third assignment of error. Failure to cite authority in support of an argument, as required by App. R. 16(A)(7), is grounds to disregard an assignment of error. See App. R. 12(A)(2). Meerhoff v.Huntington Mtge Co. (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109;Gillard v. Green (Dec. 28, 2001), Washington App. No. 00CA54; Hiles v.Veach (Nov. 20, 1998), Pike App. No. 97CA604. Thus, we have the authority to simply disregard appellant's third assignment of error. In the interest of deciding cases on their merits, however, we will consider the issues that appellant raises.
[5] Appellant also asserts the trial court's decision is tantamount to invalidating the city ordinance altogether. The court's decision, however, only affects appellees. Indeed, the court expressly stated in its February 4, 2005 entry that its judgment was "strictly limited" to the property at 309 East Main Street and did not apply to any other proposed driveway cuts.