BLACK et al., Appellants and Cross–Appellees,

v.

BLACK et al., Appellees and Cross–Appellants.

[Cite as *Black v. Black* (1996), 113 Ohio App.3d 473.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17605.

Decided Aug. 14, 1996.

*Stephen Griffin* and *Melissa Ulrich,* for appellants and cross-appellees.

*David Hilkert,* for appellees and cross-appellants.

EDWARD J. MAHONEY, Judge.

Appellant, Nationwide Mutual Insurance Company, appeals the order of the Summit County Court of Common Pleas granting summary judgment in favor of appellees, Ruby Black and State Farm Insurance Company. Appellees also cross-appeal from that judgment. This court affirms.

Ruby Black, an insured of State Farm, drove to Canada with William and Kay Black, Nationwide's insureds, and Grace Bell. While they were travelling through Fergus, Ontario, a collision occurred between the car driven by Ruby and a car driven by Michael Fuller, a Canadian resident. William and Kay sustained injuries and presented their claims to State Farm, which denied the claims. They then presented uninsured claims to Nationwide, which paid those claims.

Nationwide, along with William and Kay, sued Ruby and State Farm in the Summit County Court of Common Pleas seeking damages for the injuries. Nationwide, William and Kay also sought a declaratory judgment. They sought a determination that (1) Ohio, and not Ontario, law applied requiring State Farm to indemnify Ruby Black, or (2) if Ontario law applied, then they could still recoup some damages by subrogation under the exceptions to Ontario's no-fault insurance law. The parties bifurcated the issues and initially presented arguments about whether Ohio or Ontario law applied. Kay and William Black then settled and dismissed their claims. The trial court determined that Ontario law applied. Appeal was taken from the final order rendered in a special proceeding, and this court affirmed. *Nationwide Mut. Ins. Co. v. Black* (1995), 102 Ohio App.3d 235, 656 N.E.2d 1352.

The parties then proceeded to address whether Ontario law permitted Nationwide to subrogate against Ruby and State Farm (collectively, "State Farm"). State Farm moved the trial court for summary judgment, arguing that Nationwide could not subrogate. Nationwide responded in opposition. The trial court granted State Farm's motion. In its ruling, the trial court found that under Ontario law, William and Kay were occupants of the vehicle and "their recourse was only against their own insurer, Nationwide." Moreover, because William and Kay did not fit the exceptions to the no-fault statute, Nationwide could not subrogate against State Farm. Nationwide appeals from the grant of summary judgment. State Farm also moved the trial court to award attorney fees. State Farm cross-appeals from the trial court's judgment denying the fee request.

■ In its single assignment of error, Nationwide contends that the trial court improperly granted summary judgment. Nationwide argues that Ontario law permits it to subrogate against State Farm despite the no-fault provisions. Nationwide relies on the following portion of the Ontario statute:

"An insurer who makes any payment or assumes liability therefor under a contract is subrogated to all rights of recovery of the insured against any person and may bring action in the name of the insured to enforce those rights." Insurance Act, Ont.Rev.Stat. ch. I–8, Section 278.

Nationwide argues that because it made a payment to William and Kay, it may bring an action to enforce its rights against State Farm.

When reviewing a trial court's grant of summary judgment pursuant to Civ.R. 56(C), an appellate court applies the same standard as the trial court: whether any genuine issues of material fact existed and whether the moving party was entitled to judgment as matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122.

The no-fault provisions of the Insurance Act, ch. I–8, provide at Section 268:

"(1) Every contract evidenced by a motor vehicle liability policy shall provide for the no-fault benefits set out in the No–Fault Benefits Schedule, subject to the terms, conditions, provisions, exclusions and limits set out in that Schedule.

"(2) The following rules apply for determining who is liable to pay no-fault benefits:

"1. In respect of an occupant of an automobile.

"i. the occupant has recourse against the insurer of an automobile in respect of which the occupant is an insured.

"ii. if recovery is unavailable under subparagraph i. the occupant has recourse against the insurer of the automobile in which he or she was an occupant.

"iii. if recovery is unavailable under subparagraph i. or ii. the occupant has recourse against the insurer of any other automobile involved in the incident from which the entitlement to no-fault benefits arose.

"iv. if recovery is unavailable under subparagraph i. ii. or iii. the occupant has recourse against the Motor Vehicle Accident Claims Fund."

Ontario's no-fault insurance law pursuant to Section 268(2)(1)(I) requires the accident victim to first obtain recovery from his or her own insurer. If recourse is unavailable here, then the victim would proceed down the list of possible alternatives. In this case, William and Kay obtained recourse from their insurer, Nationwide. Thus, they followed the first step of the no-fault statute.

An exception to the payment of no-fault benefits lies in the 1990 revision to the Insurance Act, which provides at Section 266:

"(1) In respect of loss or damage arising directly or indirectly from the use or operation, after the 21st day of June, 1990, of an automobile and despite any other Act, none of the owner of an automobile, the occupants of an automobile or

any person present at the incident are liable in an action in Ontario for loss or damage from bodily injury arising from such use or operation in Canada, the United States of America or any other jurisdiction designated in the No–Fault Benefits Schedule involving the automobile unless, as a result of such use or operation, the injured person has died or sustained,

"(a) permanent serious disfigurement: or

"(b) permanent serious impairment of an important bodily function caused by continuing injury which is physical in nature."

Section 266 allows the victim to recover damages outside the provisions of the general no-fault rules of Section 268 if the victim has died or has sustained injuries falling into either subsections (a) or (b). In this case, none of the victims died and the trial court found no evidence that William and Kay met the requirements of subsections (a) or (b). This court's review of the record can find no evidence that would trigger the application of subsections (a) or (b). Thus, the trial court correctly determined that the no-fault insurance rules of Section 268 applied.

Notwithstanding the applicability of the no-fault rules of Section 268, Nationwide argues that it possessed subrogation rights pursuant to Section 278, *supra.* This court, however, does not agree, based on our interpretation of Section 267 of the Insurance Act, which provides:

"(1) The damages awarded to a person in a proceeding for loss or damage arising directly or indirectly from the use or operation of an automobile shall be reduced by,

"(a) all payments that the person has received or that were or are available for no-fault benefits and by the present value of any no-fault benefits to which the person is entitled[.]

"* * *

"(4) A person who has made a payment or who has a liability to pay a benefit described in clause (1)(a) * * * is not subrogated to a right of recovery of the insured against another person in respect of that payment or benefit."

Section 267 places a limit on the subrogation rights listed in Section 278. Pursuant to Section 267, if a payment of no-fault benefits is made according to subsection (1)(a), then subrogation of the no-fault payments cannot occur according to subsection (4). This is consistent with the purpose of the no-fault statute inasmuch as the statute generally apportions liability without regard to fault, while subrogation attempts to recoup losses from the person at fault. In this case, Nationwide made payments only under the no-fault provisions of the Insurance Act. Consequently, Section 267(4) prohibits subrogation of these

payments. Therefore, the trial court properly granted summary judgment because no genuine issue of material fact existed as to whether Nationwide could subrogate against State Farm.

In its cross-appeal, State Farm argues that the trial court improperly denied its motion for attorney fees. State Farm contends that it prevailed on the declaratory judgment action and, therefore, the trial court should have granted its motion for attorney fees. Moreover, State Farm challenges the trial court's ruling for failing to make findings as to why the court denied the fee request. State Farm contends that, at the very least, this court should remand the cause to the trial court for findings as to why the trial court denied the fees.

In its order denying the request for fees, the trial court stated that a hearing was held on the matter and "in considering the issues raised by the declaratory action, including the questions of law, the Court finds that an award of attorney fees would not be appropriate."

The Supreme Court of Ohio has recently enunciated a standard governing the award of attorney fees in a declaratory judgment action:

"A trial court has the authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion." *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, syllabus.

 The trial court indicated in its journal entry that it held a hearing on the matter. A transcript of this hearing has not been prepared for this court to review. Because State Farm has failed to provide this court with a transcript of the fee hearing for us to review, we presume regularity in the lower court's determination. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219, 400 N.E.2d 384, 385; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238. Moreover, from the record that is before this court, we do not find an abuse of discretion.

Accordingly, the appellant's assignment of error and the cross-appellant's assignment of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

DICKINSON, P.J., and SLABY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellant District, sitting by assignment.