DYSON, Appellant,

v.

**ADRENALINE DREAMS ADVENTURES, Appellee.**

[Cite as *Dyson v. Adrenaline Dreams Adventures* (2001), 143 Ohio App.3d 69.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78313.

Decided April 23, 2001.

*Kevin T. Toohig* and *Dean W. Van Dress,* for appellant.

*Benesch, Friedlander, Coplan & Aron, Marianne E. Butch* and *Charles M. Rosenberg,* for appellee.

---

KILBANE, Judge.

This is an appeal from an order of Judge Anthony O. Calabrese, Jr. granting appellee Adrenaline Dreams Adventures' ("Adventures") postdismissal motion for costs, attorney fees, and expenses incurred as a result of appellant Amanda Dyson's repeated failure to attend her deposition pursuant to Civ.R. 37(D) and Civ.R. 41(D). We reverse and vacate.

The record reveals that Dyson originally filed Cuyahoga County Common Pleas Case No. 354240 alleging serious personal injuries as a result of Adventures' negligent and/or reckless operation of its bungee jumping business. The action was voluntarily dismissed without prejudice on March 3, 1999, but refiled August 6, 1999.

On March 17, 2000, Adventures filed a motion to dismiss with prejudice pursuant to Civ.R. 37(D) and Civ.R. 41(B)(1) for Dyson's failure to appear for deposition. It alleged that in the earlier case, she had failed to appear for her properly noticed depositions on two occasions and, in the refiled case, had once again indicated that she might not appear for a deposition. At a hearing on April 27, 2000, the motion was denied, but the parties were instructed to have depositions completed for both by May 12, 2000.

On May 5, 2000, at 2:11 p.m., Dyson dismissed her action *with prejudice.* At 3:00 p.m. on May 5, 2000, Adventures filed a "Motion for Fees and Costs Resulting From Plaintiff's Repeated and Unjustified Refusal to Appear for Deposition," arguing, once again, that Dyson refused to appear for deposition on three properly scheduled dates and that it was entitled, under both Civ.R. 37(D) and Civ.R. 41(D), to its attorney fees, costs, and expenses incurred in relation to

the three depositions associated with both the original and refiled matters. It attached as Exhibit 5 its attorney's affidavit and a schedule of fees totaling $2,678.25 and costs totaling $140.42. On June 16, 2000, the judge entered the following order:

"Adrenaline Dreams' Motion for Fees and Costs Resulting from Plaintiff's Repeated and Unjustified Refusal to Appear for Deposition (filed 5/05/00), unopposed by Plaintiff, is granted. Pursuant to Ohio Civil Rules 37(D) and 41(D), Plaintiff Amanda Dyson is hereby ordered to pay Adrenaline Dreams $2,818.67 in attorney's fees, costs and expenses, as itemized at Exhibit 5 ('Table of costs') in the above motion."

Dyson asserts the following two assignments of error:

"I. The trial court did not have jurisdiction to entertain defendant/appellees motion for fees and costs because it was filed after the plaintiff/appellant voluntarily dismissed her suit.

"II. The trial court committed prejudicial error when it failed to issue findings of fact sufficient to identify the specific items of attorney fees and costs included in the lump sum award, as well as the time and rates deemed reasonable."

 We find the first assignment of error dispositive of this appeal. Dyson argues that her dismissal with prejudice precluded the judge from awarding fees and costs under Civ.R. 37(D) and Civ.R. 41(D). Adventures counters that the judge retained jurisdiction after the dismissal. We conclude, however, that because the motion for discovery sanctions and costs was not filed before the dismissal of the suit, the judge did not retain jurisdiction to consider Adventures' belated motion.

 In pertinent part, Civ.R. 41(A)(1)(a) allows a plaintiff to dismiss an action without order of the court any time before the commencement of trial unless a counterclaim that cannot remain pending for independent adjudication has been served by the defendant. The rule further provides that, unless otherwise stated, such a dismissal is without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim."[1] A plaintiff's Civ.R. 41(A)(1) notice of voluntary dismissal is self-execut-

---

1. Because a dismissal with prejudice acts as an adjudication on the merits, any further action is vulnerable to the defense of *res judicata. Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 23 O.O.3d 232, 234, 431 N.E.2d 660, 663; see *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 228–229.

ing. *James v. Allstate Ins. Co.* (Mar. 16, 2000), Cuyahoga App. No. 75993, unreported, 2000 WL 284221.

While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556–557, 740 N.E.2d 265, 270; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 580, 635 N.E.2d 14, 17–18. "[A] hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51." *Baker v. USS/Kobe Steel Co.* (Jan. 5, 2000), Lorain App. No. 98CA007151, unreported, 2000 WL 14044, quoting *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 470, 655 N.E.2d 1333, 1337; see, also, *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376 (Fed.R. 11 "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214, syllabus ("Civ.R.41(D) grants jurisdiction to award costs for a dismissal pursuant to Civ.R. 41(A)(1)(a) to the court in which the action is refiled, but such costs do not include attorney fees."). The Ohio Supreme Court also has determined that a court may consider collateral issues of criminal contempt "even after the underlying action is no longer pending," but the court may not consider matters involving civil contempt where the litigation has terminated. *Corn*, 90 Ohio St.3d at 555–556, 740 N.E.2d at 269–270; see *Gompers v. Bucks Stove & Range Co.* (1911), 221 U.S. 418, 451–452, 31 S.Ct. 492, 502, 55 L.Ed. 797, 810.

In all of the cases cited above, the requests for sanctions were made *before* the action was disposed of by a dismissal entry.[2] See, also, *Vogel v. Shaw* (Feb. 7, 2001), Summit App. No. 20007, unreported, 2001 WL 111576 (third party's Civ.R. 11 motion for sanctions filed before finalization of divorce decree does not merge into decree, and the court retains jurisdiction to consider request). As a result, the courts acquired jurisdiction of the "collateral" matters *before* and retained jurisdiction *after* the Civ.R. 41(A)(1) dismissal.

In the present matter, Adventures made its request for sanctions and costs forty-eight minutes after Dyson dismissed her action with prejudice. Thus, the

---

2. In *Industrial Risk*, 69 Ohio St.3d at 576, 635 N.E.2d at 15, the defendants filed motions requesting a dismissal for failure to prosecute in both the original and refiled actions. The plaintiff voluntarily dismissed the action before the judge ruled on the original motion. With regard to the grant of the second motion, the Ohio Supreme Court held that "[i]n an action that has once been voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a), a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute, may consider the conduct of the plaintiff in the prior action." *Id.* at syllabus.

judge lost jurisdiction as of 2:11 p.m. on May 5, 2000, to consider any new matter not otherwise authorized by statute or rule. See *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 416, 704 N.E.2d 1212, 1216 (once voluntary dismissal without prejudice is filed pursuant to Civ.R. 41(A)(1)(a), court lacks jurisdiction to entertain motion for judgment under Civ.R. 41(B)(1) and (3), filed after dismissal); *Sturm,* 63 Ohio St.3d at 676, 590 N.E.2d at 1218 (trial court cannot retain jurisdiction over a matter voluntarily dismissed without prejudice for the purpose of assessing costs under Civ.R. 41(D), because the authority to make such an award "derives from the rule, and not from any possible inherent power of the original court to consider matters collateral to a judgment arising out of a voluntary dismissal."); *cf.* R.C. 2323.51(B)(1) (allows, in pertinent part, a party to request, at any time prior to the commencement of the trial or within twenty-one days after the entry of judgment, costs, fees, and other reasonable expenses incurred due to another party's frivolous conduct); Civ.R. 60(B) (motion for relief from judgment). As a result, we need not consider or decide whether requests for Civ.R. 37(D) sanctions and Civ.R. 41(D) costs are "collateral matters" to the underlying litigation. Dyson's first assignment of error is sustained.

In light of the disposition of Dyson's first assignment of error, her second assignment of error is rendered moot and we need not address it. App.R. 12(A)(1)(c).

*Judgment reversed.*

JAMES D. SWEENEY, P.J., concurs in judgment only with concurring opinion.

O'DONNELL, J., concurs in judgment only and concurs in concurring opinion.

JAMES D. SWEENEY, P.J., concurring.

I concur in judgment only and cite concurring opinions in *State v. Thomas,* (May 13, 1999), Cuyahoga App. Nos. 72536 and 72537, unreported, 1999 WL 304296, and *Garnett v. Garnett* (Sept. 16, 1999), Cuyahoga App. No. 75225, unreported, at 3–4, 1999 WL 728378, and Loc.App.R. 22(C).