{¶ 19} On this appeal from an order of Juvenile Judge Alison Nelson Floyd, I concur in judgment only because the majority author has insisted on identifying the young man involved both in the case caption and body of the opinion, despite this court's recently enacted policy to protect "any child, party, victim or witness in any Juvenile Court case" from unnecessary identification. That the person is now an adult is no reason at this time to expose conduct for which he was brought before that court because those records are and remain confidential.
 {¶ 20} It is ironic that the majority author is in favor of Loc.App.R. 22(C), which states that our opinions will not identify or make reference by proper name of the trial judge, magistrates, court officials, administrative personnel or counsel for the parties involved.[1] Regardless of the merits of Loc.App.R. 22(C), which I have opposed and ignored on constitutional and related principles, I find it stupefying to ponder the majority author's support of a rule prohibiting the identification of judges while denying similar protection to persons appearing before the juvenile court. No further comment should be necessary to expose the sheer hypocrisy of these contradictory positions.
[1] See Dyson v. Adrenaline Dreams Adventures (2001), 143 Ohio App.3d 69,73, 757 N.E.2d 401 (O'Donnell, J., concurring in judgment only and concurring with separate opinion of Sweeney, J.); State v. Thomas, Cuyahoga App. No. 78570, 2002-Ohio-4026 (same).