{¶ 60} On this appeal from an order of Visiting Juvenile Judge Judith A. Cross, I concur in judgment only because the majority author has insisted on identifying the children involved and the parent both in the case caption and in the body of the opinion, despite this court's recently enacted policy to protect juveniles and their families from unnecessary identification in all juvenile court cases.It is ironic that the majority author is in favor of Loc.App.R. 22(C), which states that our opinions will not identify or make reference by proper name of the trial judge, magistrates, court officials, administrative personnel or counsel for the parties involved.[1] Regardless of the merits of Loc.App.R. 22(C), which I have opposed and ignored on constitutional and related principles, I find it stupefying to ponder the majority author's support of a rule prohibiting the identification of judges while denying similar protection to children and their families. No further comment should be necessary to expose the sheer hypocrisy of these contradictory positions.
[1] See Dyson v. Adrenaline Dreams Adventures (2001), 143 Ohio App.3d 69,73, 757 N.E.2d 401 (O'Donnell, J., concurring in judgment only and concurring with separate opinion of Sweeney, J.); State v. Thomas, Cuyahoga App. No. 78570, 2002-Ohio-4026 (same).