DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Edward Gilbert has appealed from the decision of the Summit County Court of Common Pleas that denied his motion for attorney fees. This Court affirms.
 I {¶ 2} The instant matter stems from Plaintiff-Appellant Edward Gilbert's request for public documents during a civil trial he was litigating involving Summit County. On July 30, 2002, Appellant filed a complaint against Summit County, its Executive Office, the Summit County Prosecutor, and a named Summit County Assistant Prosecutor alleging a violation of R.C. 149. Appellant demanded the production of the requested public records, attorney fees, and costs.
 {¶ 3} On December 20, 2002, after several other pre-trial motions, Appellant filed a motion for summary judgment. On December 30, 2002, the Defendants-Appellees filed a joint motion for summary judgment. Each party responded in opposition to the relevant motions for summary judgment. Citing to State ex rel.Steckman v. Jackson, Chief (1994), 70 Ohio St.3d 420 and Stateex rel. Perrysburg Township v. City of Rossford (Jan. 30, 2002)143 Ohio App.3d 72, the trial court granted summary judgment to Defendants-Appellees. Appellant appealed the matter to this Court and we reversed the trial court and declined to follow the Sixth District Court of Appeals decision in Perrysburg; we also certified a conflict between our decision and that of the Sixth District. On January 2, 2004, the trial court placed the instant matter on its inactive docket pending a decision by the Ohio Supreme Court.
 {¶ 4} On January 11, 2005, Appellant filed a Writ of Mandamus requesting that the Defendants-Appellees be required to produce the previously requested documents. Appellant based his Writ on the Supreme Court's decision affirming this Court's decision on the instant matter. Gilbert v. Summit County,104 Ohio St.3d 660, 2004-Ohio-7108. The trial court granted the Writ and ordered Defendants-Appellees to produce the documents. On January 28, 2005, Appellant filed a motion for attorney fees. An evidentiary hearing was held on May 17, 2005. On August 15, 2005, the trial court denied Appellant's motion for attorney fees.
 {¶ 5} Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE LOWER COURT ERRED WHEN IT CONCLUDED THAT MR. GILBERT WAS NOT ENTITLED TO ATTORNEYS FEES IN REGARDS TO THE PUBLIC RECORDS REQUESTS WHICH WERE ORIGINALLY DENIED BY THE STATE."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion for attorney fees. Specifically, Appellant has argued that he was entitled to attorneys fees because his actions provided the public a sufficient benefit and the documents requested were withheld in bad faith.
 {¶ 7} An award of attorney fees under R.C. 149.43 is discretionary. State ex rel. Beacon Journal Publishing Co. etal. v. Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, ¶ 59. Therefore, absent an abuse of discretion a reviewing court will not disturb a lower court's judgment granting or denying attorney fees. Id. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable action. (Citation omitted.) Id.
 {¶ 8} The trial court in the instant matter stated in its journal entry that it held a hearing on Appellant's motion for attorney fees where witnesses were called and arguments were presented. A transcript of this hearing was not presented to this Court for review. Based on Appellant's failure to provide a transcript to this Court, we presume regularity in the lower court's determination. Black v. Black (1996),113 Ohio App.3d 473, 477, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's motion for attorney fees.
 {¶ 9} Appellant's sole assignment of error lacks merit.
 III {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, P.J., Milligan, J., concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Milligan, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)