WILLIAMS, Appellant,

v.

THAMANN et al., Appellees.

[Cite as *Williams v. Thamann,* 173 Ohio App.3d 426, 2007-Ohio-4320.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–060632 and C–060633.

Decided Aug. 24, 2007.

William D. Bell Sr., for appellant.

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., Jan Michelsen, and Robert F. Seidler, for appellees.

---

MARK P. PAINTER, Presiding Judge.

{¶ 1} Plaintiff-appellant, Charles Williams, appeals the trial court's judgment dismissing with prejudice his case against defendants-appellees. We reverse in part.

{¶ 2} Williams filed his first complaint on October, 4, 2005. In May 2006, he voluntarily dismissed the case without prejudice under Civ.R. 41(A)(1)(a). When Williams refiled the case one month later, the trial court entered an order under Civ.R. 41(B)(1) dismissing both the original case and the refiled case with

prejudice. The original case was dismissed for failure to prosecute, and the refiled case was dismissed as having been prematurely filed. At the same time, the trial court entered an order denying appellees' motion to recover attorney fees and costs.

{¶ 3} Because the trial court did not have jurisdiction to dismiss the original action following a voluntary dismissal, and because the second action was not prematurely filed, we reverse the dismissal of the second action. But we affirm the trial court's order denying appellees' motion for attorney fees and costs.

{¶ 4} Williams asserts that the trial court erred by (1) dismissing a case that had already been voluntarily dismissed, (2) dismissing Williams's case for failure to prosecute without first providing notice, and (3) dismissing the refiled case with prejudice as having been prematurely filed. Whether a trial court has properly dismissed a case with prejudice under Civ.R. 41(B)(1) is reviewed under a heightened abuse-of-discretion standard. This is so because we are "reviewing decisions that forever deny a plaintiff a review of a claim's merits."[1] A trial court's decision to deny sanctions and recovery of attorney fees is reviewed under an ordinary abuse-of-discretion standard,[2] and unless a clear abuse of discretion is evident, the trial court's decision should be upheld.[3]

{¶ 5} Under Civ.R. 41(A)(1)(a), a plaintiff, without an order from the court, may dismiss all claims asserted against a defendant by filing a notice of dismissal at any time before the commencement of trial, unless a counterclaim that cannot remain pending for independent adjudication by the court has been properly asserted by the defendant.[4] A dismissal under Civ.R. 41(A)(1)(a) is self-executing and gives a plaintiff an absolute right to terminate his action voluntarily and unilaterally at any time prior to trial.[5] The dismissal is without order of the court, and notice to opposing counsel is not required.[6] But a voluntary dismissal of a complaint under Civ.R. 41(A) does not deprive a court of jurisdic-

---

1. *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530; *Simeone v. Girard City Bd. of Edn.*, 171 Ohio App.3d 633, 2007-Ohio-1775, 872 N.E.2d 344, ¶ 24.

2. See *Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029, ¶ 8.

3. See id.

4. See Civ.R. 41(A)(1)(a).

5. See *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854, citing *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 475 N.E.2d 183.

6. See id.

tion to consider collateral matters unrelated to the merits of the case.[7]   Requests for sanctions that remain pending at the time of dismissal are considered collateral, and the trial court may retain limited jurisdiction to take action under Civ.R. 11 and R.C. 2323.51—even after a voluntary dismissal.[8]

{¶ 6} On May 4, 2006, Williams filed a Civ.R. 41(A)(1)(a) notice with the trial court, voluntarily dismissing his case.   No counterclaims then existed.   Because a Civ.R. 41(A)(1)(a) notice to dismiss is self-executing and does not require the court's approval, the dismissal was effective when filed.[9]

{¶ 7} One month later, on June 22, 2006, the trial court entered an order dismissing Williams's original complaint with prejudice under Civ.R. 41(B)(1) for failure to prosecute.   But the trial court's dismissal was a legal nullity because the voluntary dismissal had already terminated the trial court's jurisdiction to rule on the merits of the original case.[10]   The trial-court order dismissing the first action with prejudice following a voluntary dismissal constituted a legal nullity because the court had no jurisdiction to enter such an order.

{¶ 8} Two days before the voluntary dismissal, appellees requested a hearing for sanctions to recover attorney fees and costs.   A hearing for sanctions is a collateral matter unrelated to the merits of the case.   The court's denial of fees and costs was not an abuse of discretion, because the trial court maintained jurisdiction over this collateral issue.   We therefore affirm the trial court's order denying appellees' request for fees and costs.

{¶ 9} In view of our ruling on Williams's first assignment of error, his second assignment of error is moot.

{¶ 10} The collateral issue of attorney fees and costs was the only justiciable issue before the trial court, and it was properly decided.   Therefore, when Williams refiled the case a month later, it could not have been prematurely filed, because the original case was no longer pending before the court.   The refiled case represented a new controversy before the court and should have been treated as such.   Consequently, we sustain Williams's third assignment of error.

{¶ 11} We note that under Civ.R. 41(D), the court may assess costs for a voluntarily dismissed action: "If a plaintiff who has once dismissed a claim in any

---

7.   See *Gitlin,* supra, ¶ 14.   See also *Dyson v. Adrenaline Dreams Adventures* (2001), 143 Ohio App.3d 69, 757 N.E.2d 401.

8.   *Dyson,* 143 Ohio App.3d at 72, 757 N.E.2d 401.

9.   See *Andrews,* 98 Ohio App.3d at 66, 647 N.E.2d 854.

10.   See *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107.

court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the claim previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

{¶ 12} The trial court's order denying attorney fees and costs is affirmed, but we sustain Williams's first and third assignments of error, reverse the order dismissing the refiled action, and remand the case for further proceedings consistent with this decision.

Judgment reversed in part
and affirmed in part,
and cause remanded.

HILDEBRANDT and DINKELACKER, JJ., concur.