OPINION
{¶ 1} Plaintiffs-appellants, Linda and Mark Railing, appeal from a Columbiana County Common Pleas Court order granting summary judgment against them and in favor of defendants-appellees, Cindy Shilot and Melissa Giordano.
 {¶ 2} On October 20, 2005, appellants filed a complaint against appellees alleging that, due to appellees' negligence, Linda was injured when the lid to a tanning bed fell on her arm. Appellees are the owners of the tanning salon where Linda was injured.
 {¶ 3} On October 12, 2006, appellees filed a summary judgment motion. The next day the court notified the parties that it would rule on the summary judgment motion on the briefs on November 7, 2006, at 4:00 p.m.
 {¶ 4} On November 7, 2006, appellants filed a notice of voluntary dismissal. There is no way to tell from the file stamp what time appellants filed their dismissal.
 {¶ 5} On November 15, 2006, the trial court granted appellees' motion for summary judgment. The next day, appellants filed a motion to vacate the summary judgment. Before the trial court could act on the motion to vacate, appellants filed a timely notice of appeal.
 {¶ 6} Appellants raise one assignment of error, which states:
 {¶ 7} "A TRIAL COURT ERRS AS A MATTER OF LAW IN GRANTING JUDGMENT AFTER A NOTICE OF A VOLUNTARY DISMISSAL FILED PURSUANT TO CIV. R. 41(A)(1) BECAUSE THE CASE TERMINATES AND DEPRIVES THE TRIAL COURT OF FURTHER JURISDICTION TO ISSUE ORDERS ON THE MERITS."
 {¶ 8} Appellants argue that the trial court had no jurisdiction to rule on appellees' summary judgment motion eight days after they filed their notice of dismissal. Appellants rely on Civ.R. 41(A)(1)(a), which provides in pertinent part:
 {¶ 9} "[A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 10} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent *Page 2 
adjudication by the court has been served by that defendant;
 {¶ 11} "* * *
 {¶ 12} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 13} Appellants argue that this rule is self-executing. Hence, they assert that once they filed their voluntary dismissal, the case was terminated. They contend that the trial court lacked jurisdiction to grant a judgment on the merits after they filed the notice of voluntary dismissal. Therefore, appellants assert that the trial court's summary judgment was null and void.
 {¶ 14} Appellees concede error and agree that the trial court was without jurisdiction to enter summary judgment.
 {¶ 15} "A Civ.R. 41(A)(1)(a) dismissal is self-executing and gives a plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court, and without giving notice to opposing counsel." Andrews v. Sajar Plastics, Inc. (1994), 98 Ohio App.3d 61, 66,647 N.E.2d 854; See also Dyson v. Adrenaline Dreams Adventures (2001),143 Ohio App.3d 69, 71, 757 N.E.2d 401. As this is the case here, once appellants filed their notice of dismissal, the case was terminated.
 {¶ 16} The court had stated that it would rule on appellees' summary judgment motion on November 7, 2006 at 4:00 p.m. At the time appellants' filed their notice of dismissal, appellees' motion was pending before the court and the court had yet to take action on it.
 {¶ 17} After a case is voluntarily dismissed, the action is treated as if it had never been commenced. Zimmie v. Zimmie (1984),11 Ohio St.3d 94, 95, 464 N.E.2d 142. Generally, once a plaintiff files a notice of dismissal, no action remains pending before the court and the court is without jurisdiction to modify the dismissal. Logsdon v. Nichols (1995),72 Ohio St.3d 124, 126, 647 N.E.2d 1361. "It is a fundamental *Page 3 
tenet of the law that a voluntary dismissal of an action pursuant to Civ.R. 41(A)(1) terminates the action as to all claims and all parties and deprives the court of jurisdiction." American Express Travel RelatedServices, Inc. v. MRK Technologies Ltd., 8th Dist. No. 83030,2004-Ohio-140, at ¶ 3.
 {¶ 18} In this case, once appellants filed their notice of dismissal the entire case was over. In other words, no case existed any longer in which the trial court could grant summary judgment. The trial court lost jurisdiction to take any further action on the merits once appellants filed their notice of dismissal. Therefore, the trial court exceeded its jurisdiction by issuing the order granting summary judgment to appellees. Consequently, the trial court's award of summary judgment in favor of appellees was void.
 {¶ 19} Accordingly, appellants' sole assignment of error has merit.
 {¶ 20} For the reasons stated above, the trial court's order granting summary judgment is reversed hereby vacated.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1