[Cite as *In re Y.H.*, 2024-Ohio-1292.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: Y.K. AND B.K. | : | APPEAL NO. C-230471 |
| | | TRIAL NO. F-11-72Z |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 5, 2024

*Blake P. Somers, LLC*, and *Sierra D. Causey*, for Appellee Mother,

*Simon Groner*, for Appellant Father.

**BERGERON, Judge.**

{¶1} More than a decade after this long-running custody dispute began, appellee Mother filed a notice of her intent to relocate along with a motion seeking a simple clarification from the juvenile court: did she have to notify appellant Father of her new address? Once he became aware of this turn of events, Father sought discovery on the issue and unilaterally scheduled a deposition for Mother (it remains unclear why, exactly, a deposition was needed in this circumstance). Mother told Father's lawyer that she could not attend the deposition, and rather than trying to reschedule the deposition, Father's counsel showed up and then promptly filed a motion for sanctions. Our courts and rules should encourage parties to try to resolve minor disputes like these amongst themselves, rather than fostering sanctions motions at every turn. Perhaps agreeing with that sentiment, the juvenile court denied the motion for sanctions, and Father appealed. Because the juvenile court based its decision on evidence supported by the record, it acted within its discretion, and we affirm its decision denying Father's motion for sanctions.

I.

{¶2} Years after the juvenile court entered a final custody order reducing Father's visitation rights with Y.K. and B.K., who have lived with Mother in Ohio for most of their lives, Mother sought to move the family from Dayton to Columbus. In January 2023, she filed a notice of intent to relocate, an affidavit of health and safety concerns, and additional motions asking the juvenile court to withhold her new address from Father unless she was required to disclose it. Father claims the magistrate granted limited discovery in the matter at a February 3 pretrial hearing (but we have no transcript of that proceeding), and he maintains that he sent Mother

2

a notice of deposition in the mail on February 17. He unilaterally set the deposition for 11:00 a.m. on February 28 without consulting Mother prior to the notice or the deposition, except for a reminder text from Father's counsel on February 26. He cites an attachment to his sanctions motion as proof that the notice was sent, but no such attachment exists in the record.

{¶3} Mother claims that she replied to the text on February 27, indicating that she could not attend the February 28 deposition. But Father's counsel professes that he did not notice this reply to his text until he was already at the deposition location with a court reporter the following day (begging questions of why he was communicating with Mother by text if he wasn't going to read her responses). Mother of course did not attend, and Father moved for sanctions under Civ.R. 37(D)(1)(a)(i), claiming 12.5 total hours of work relating to the deposition and sanctions motion at $350 per hour and some travel expenses. But Father attached no invoice of his time entries that would enable the juvenile court (or this court) to assess the reasonableness of this fee request. And that strikes us as an awful lot of work for a deposition that may have warranted only a handful of legitimate questions, if that.

{¶4} At a March 10 pretrial hearing, Mother was represented by new counsel who was retained on March 7. Mother's counsel claimed Mother never received a notice of the deposition apart from the February 26 text message reminder. At the suggestion of the magistrate, Mother's counsel voluntarily withdrew all of her pending motions and stated her intent to refile them later. With all parties still present, the magistrate then stated, "Yes, this case is going to be dismissed. All Mother's motions are going to be withdrawn." Father's counsel then asked the magistrate to rule on the sanctions motion, but Mother's counsel had already left the hearing, which was held

3

virtually. The magistrate first indicated that she did not want to rule on the motion without Mother's counsel present, but she nevertheless then denied the motion.

{¶5} The juvenile court adopted the magistrate's decision and independently denied the motion for sanctions. It concluded that the magistrate did not err in allowing Mother to withdraw her motions, correctly asserted that Father's sanctions motion was moot after Mother withdrew her motions, and correctly denied the sanctions motion. In doing so, the court cited Civ.R. 30(G) and stated it "cannot find evidence to prove a good-faith effort by" Father to communicate with Mother about the deposition, adding that no evidence was shown that Mother or her attorney was served notice of it apart from the text message reminder. Finally, it found Father made no "attempt at remediation, such as a Motion to Compel," and stated "[t]he Court is therefore unable to decide, by default, whether [Mother] made a good-faith attempt to attend this deposition."

{¶6} Father now appeals the juvenile court's decision, arguing on various grounds that it erred in denying his motion for sanctions and by allowing Mother to withdraw her motions.

II.

{¶7} Before turning to the substance of Father's arguments, we first establish the applicable rules. Generally, Ohio's Rules of Civil Procedure govern depositions in custody actions and post-dispositional matters when the State of Ohio is not a party. Juv.R. 25(A). And because "[t]he Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable," Father's sanctions motion is properly considered under Civ.R. 37(D), which governs sanctions motions for a party's failure to attend their own deposition. *See In re H.W.*, 114 Ohio

4

St.3d 65, 2007-Ohio-2879, 868 N.E.2d 261, ¶ 11, citing Civ.R. 1(C)(7), and *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360, 626 N.E.2d 950 (1994); *see also* Juv.R. 45(B) ("If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule.").

**{¶8}** Father first challenges the propriety of the magistrate allowing Mother to withdraw her pending motions at the March 10 pretrial hearing. But the rule he cites plainly allows for "[d]isposing of pending motions" at a pretrial hearing. Civ.R. 16(C)(2)(n). And he does not articulate a clear argument about how he was prejudiced by the magistrate allowing Mother to withdraw her motions, which merely sought clarification about whether she needed to notify Father of her new address. Indeed, as we understand his deposition request, he had designs on resisting Mother's motions. When Mother withdrew her motions, Father got the result he wanted, at least as far as we can tell from the record. Continued litigation just to reach that same result would only squander judicial and party resources under these circumstances. Father's argument that the juvenile court erred in overruling his objections to this part of the magistrate's order accordingly lacks merit.

**{¶9}** Second, Father raises numerous issues with the juvenile court's denial of his motion for sanctions. Generally, we review a juvenile court's denial of a motion for sanctions for an abuse of discretion. *See State ex rel. Duncan v. Village of Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952, ¶ 27; *Williams v. Thamann*, 173 Ohio App.3d 426, 2007-Ohio-4320, 878 N.E.2d 1070, ¶ 4 (1st Dist.). Abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. To the extent

5

the juvenile court's judgment involves issues of law, we review those issues de novo. *See id.* at ¶ 38.

{¶10} Father moved for sanctions pursuant to Civ.R. 37(D), under which "[t]he court may, on motion, order sanctions if: A party * * * fails, after being served with a proper notice, to appear for that person's deposition." Civ.R. 37(D)(1)(a)(i). Further:

> Sanctions may include any of the orders listed in Civ.R. 37(B)(1)(a) through (f). Instead of or in addition to these sanctions, the court shall require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Civ.R. 37(D)(3).

{¶11} Starting where the parties agree, it was inaccurate for the juvenile court to describe Father's motion for sanctions as "moot" because Mother had withdrawn all her underlying motions. *See Williams* at ¶ 5 (Voluntary dismissal "does not deprive a court of jurisdiction to consider collateral matters unrelated to the merits," and "[r]equests for sanctions that remain pending at the time of dismissal are considered collateral."). Mother also concedes the juvenile court was wrong to cite the fact Father did not subpoena her as a reason for denying Father's sanctions motion. *See* Civ.R. 30(A) and (B)(1) (allowing for notice *or* subpoena to compel a party's presence at a deposition). But because we conclude that the juvenile court independently denied Father's sanctions motion on other, valid grounds, these errors were nondispositive and harmless. *See* Civ.R. 61.

6

**{¶12}** Contrary to Father's assertions and the thrust of his appeal, the decision whether to grant a party's motion for sanctions under Civ.R. 37(D) is discretionary. *See* Civ.R. 37(D)(1) ("The court *may*, on motion, order sanctions" (Emphasis added.)). No case law or other authority cited by Father supports his assertion that the juvenile court was legally required to hold an evidentiary hearing about Mother's absence (and we note that he did *not* request one in his motion for sanctions below) or to automatically grant his motion for sanctions. *See Infinity Broadcasting v. Brewer*, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶ 8 (holding defendant moving for relief from judgment under Civ.R. 60(B) was entitled to an evidentiary hearing to assess defendant's claim of a lack of service), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 64-65, 705 N.E.2d 408 (1st Dist.1997); *Dafco, Inc. v. Reynolds*, 9 Ohio App.3d 4, 5, 457 N.E.2d 916 (8th Dist.1983) (holding a movant for sanctions under Civ.R. 37(D) need not first apply for an order to compel discovery pursuant to Civ.R. 37(A)).

**{¶13}** Ultimately, in determining whether to impose sanctions and what sanctions are appropriate, "a trial court should consider: (1) the history of the case; (2) all the facts and circumstances surrounding the noncompliance; (3) what efforts, if any, the faulting party made to comply; (4) the ability or inability of the faulting party to comply; and (5) any other relevant factors." *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. Franklin No. 11AP-982, 2012-Ohio-3472, ¶ 42, citing *Billman v. Hirth*, 115 Ohio App.3d 615, 619, 685 N.E.2d 1287 (10th Dist.1996). Here, the juvenile court denied Father's motion for sanctions based in part on Father's lack of cooperation and consultation with Mother, and the record supports this rationale. Father admits to unilaterally scheduling the deposition and sending Mother notice without working

7

with her to find a mutually workable date and location. Mother let Father's counsel know a day in advance that she could not attend, and it was not Mother's fault Father's counsel did not bother to check his messages from her until after he had arrived for the deposition the next morning. Further, Father made no effort to reschedule or consult with Mother about how to move forward with discovery. Rather, seeming to prefer to create a mountain out of a molehill, he immediately resorted to sanctions. The juvenile court appropriately cut through the bickering between the parties and reached an outcome that comports with the overall background and context of this litigation. On these facts, we cannot say the juvenile court abused its discretion in denying Father's motion for sanctions.

* * *

{¶14} Accordingly, we overrule Father's sole assignment of error and affirm the judgment of the juvenile court denying his motion for sanctions.

Judgment affirmed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.